## GAITHER et al. vs. LAWSON.

1. EJECTMENT: *Title Requisite to Maintain the Action.*

Under our statutes ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises. The receipt of a Receiver of the United States Land Office for the fees and commissions paid by an applicant for a homestead under the provisions of the homestead act of Congress, will entitle the holder to maintain the action.

2. TAX SALE: *Tender of Payments and Improvements by Purchaser.*

Where public lands, not subject to taxation, are sold for taxes, and afterward entered, the person entering the land is not required to tender the purchaser at tax sale the money paid, and value of improvements made by him, before he can maintain an action for the land.

APPEAL from *Marion* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*J. D. Walker*, for appellants.

*Gregg, contra.*

ENGLISH, CH. J.:

In March, 1876, William A. Lawson brought ejectment in the Marion Circuit Court, against John F. Gaither and Jeremiah Gaither, for possession of a tract of land. The complaint is, in substance, as follows:

" Plaintiff states that he is the owner, and entitled to the possession of the following tract of land, situate in Marion County, etc., containing 38 21.100 acres, and described as the northwest quarter of the southwest quarter of sec. 6, township 18 north, range 16 west; that defendants hold possession of said land without right, etc.

" That, on the 21st day of March, 1873, plaintiff entered, under the provisions of the act of Congress approved May 20th, 1862, entitled 'An act to secure homesteads to actual settlers on the public domain,' the west fractional half of the northwest fractional quarter; and the north half of the southwest quarter

of sec. 6, in township 18, north range 16 west, at the local United States Land Office, at Harrison, Ark., and received from the receiver of said office a duplicate receipt therefor, No. 1569, a copy of which is made an exhibit to the complaint, etc.

"That plaintiff, by virtue of his entry, became and was entitled to possession of all the lands embraced in his said entry, on said 21st day of March, 1873; and defendants, on said day, being in possession of said northwest quarter of the southwest quarter of said sec. 6, were, by the plaintiff, permitted to remain in possession thereof until the month of February, 1874, since which time said defendants have unlawfully kept plaintiff out of possession, and still unlawfully withhold from him possession thereof."

Prayer for possession, damages, etc.

The receiver's receipt, made an exhibit to the complaint, is as follows:

"Duplicate receiver's receipt No. 1569; application No. 1569; Homestead Receiver's Office, Harrison, Ark.

*March 21st, 1873.*

Received of William A. Lawson, the sum of $14 — cents, being the amount of fees and compensation of register and receiver for entry of the west fractional half of the northwest fractional quarter, and north half of southwest quarter, of sec. 6, township 18, north of range 16 west, under the act of Congress approved May 20th, 1862, entitled "An act to secure homesteads to actual settlers on the public domain."

$14.                         JOHN A. TORRANCE, Receiver.

The defendants filed an answer, containing three paragraphs, in substance:

"*First*—That the lands described in plaintiff's complaint, were, on the 8th day of March, 1869, offered for sale by the sheriff of said county of Marion, at the court house door of said county,

for the non-payment of taxes assessed against said lands for several years previous thereto, and that defendant, John F. Gaither, being the highest bidder at said sale, became the purchaser of said lands at and for the sum of $10.00, the amount of taxes, penalty and costs claimed to be due thereon, and that at the expiration of two years from the date of said sale, the sheriff of said county executed and delivered to said John F. Gaither, a deed for said land, which deed was not entered of record, and was lost, or destroyed, and cannot be filed herewith.

"That said defendant, John F. Gaither, after the execution and delivery of said deed, erected improvements on said lands of the value of $3,000, and that plaintiff did not, before the bringing of this suit, file in the office of the Clerk of the Circuit Court of said county of Marion, an affidavit that he had tendered to said John F. Gaither the amount of money originally paid therefor for taxes, penalty and costs, with a hundred per cent. thereon, and the full value of the improvements erected thereon, and that the same had been refused. Defendants therefore ask that said cause be dismissed."

"*Second*—That it is not true, as averred in said complaint, that defendants entered into possession of said land described in said complaint, and unlawfully withhold the possession thereof from plaintiff in manner and form as therein averred.

"*Third*—That plaintiff is not the owner of, and entitled to the possession of said land in said complaint mentioned, in manner and form as therein alleged."

The plaintiff demurred to each paragraph of the answer. To the first paragraph because it states no facts amounting to a defense, shows no title in the defendants, contains no averment that the said lands were subject to taxation, that they had been listed or assessed, or that any valid deed was executed to defendants, etc.

The court sustained the demurrer to the first paragraph of the answer, and overruled the demurrers to the second and third paragraphs.

·The cause was submitted to the court, sitting as a jury, on the issues made by the second and third paragraphs of the answer.

The plaintiffs read in evidence the receiver's receipt copied above.

Defendants admitted that at the time of, and before the commencement of the suit, they were in possession of the land in controversy, and that plaintiff, long after he entered the land, and before suit, demanded in writing, possession of the land of defendants, and that they did not deliver possession thereof to him, and that the use of the property after demand, and for six months previous to the trial was worth $30 per month.

Plaintiff admitted that at the time he entered the lands, and procured the receiver's receipt, defendants had and held an improvement on the land in controversy, consisting of a mill, etc., of the value of $500, which was all of the evidence.

Defendants asked the court to declare the law to be:

*First*—That said receiver's receipt did not vest in plaintiff such a title as would authorize him to maintain an action of ejectment.

*Second*—That the facts shown in evidence did not authorize the plaintiff to recover.

The court refused to make these declarations of law, but on the contrary held and declared that the receiver's receipts did show sufficient title in plaintiff to authorize him to recover, and that the facts shown and admitted in evidence did authorize the plaintiff to recover in this action.

The court found the issues for the plaintiff.

The defendants moved for a new trial on the grounds:

*First*—That the finding of the court was contrary to law.

*Second*—That the evidence was not sufficient to authorize such finding.

*Third*—That the court erred in refusing to declare the law to be as asked by defendants.

The court overruled the motion for a new trial, and rendered judgment in favor of plaintiff for the land, without damages.

Defendants took a bill of exceptions, and appealed to this court.

*First*—By the common law the plaintiff in ejectment must in all cases prove a legal title to the premises in himself, at the time of the demise had in the declaration, and evidence of an equitable estate is not sufficient for a recovery. *Fenn* v. *Holme*, 21 How. U. S., 483.

When land is purchased of the United States, the fee is in the government until the patent issues, and, in the absence of a statute authorizing it, ejectment could not be maintained upon a certificate of entry, which is evidence of equitable title only. *Bagnell et al.* v. *Broderick*, 13 Peters. *Moore* and *Cail, adm'r.*, v. *Anders*, 14 Ark., 633.

By our statutes, ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises.

It may be maintained in all cases where plaintiff claims possession of the premises under or by virtue of—

*First*—An entry made with the register and receiver of the proper land office of the United States.

*Second*—A pre-emption right under the laws of the United States.

*Third*—An improvement on the public lands against an intruder, with no better right.

*Fourth*—A New Madrid certificate of entry.

*Fifth*—A swamp land patent certificate, issued by the proper State officer.

To entitle the plaintiff to recover, it is sufficient for him to show that, at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had title thereto, or the right to the possession thereof. Gantt's Digest, secs. 2253–58, Ch. 51.

Thus it may be seen that the scope of the common law action of ejectment has been much enlarged by the statutes referred to.

It seems, from the receiver's certificate read in evidence on the trial, that appellee entered the land, which is the subject of this action, with other tracts, on the 21st March, 1873, under the homestead act of Congress, of May 20th, 1862.  12 Statute at Large, p. 392.  Under the second section of the act, no certificate was to be given to the person making the entry, or patent issued for the land, until the expiration of five years from the date of such entry.  By section 3, the register of the land office is required to note applications, entries, etc., on the tract books, plats, etc., of his office, etc.  By section 6, the commissioner of the general land office was required to prepare and issue such rules and regulations, consistent with the act, as should be necessary and proper to carry its provisions into effect, etc.

By section 20, of a printed circular issued from the general land office, August 30th, 1872, upon payment of the fees and commissions, by a person applying to enter land under the homestead act, and amendments, the receiver was required to insure his receipt therefor, and furnish a duplicate to the claimant.

We suppose that the receipt read in evidence on the trial was issued under regulations made and published by the commissioner.

The certificate must, we think, be taken as *prima facie* evidence that appellee complied with the requirements of the homestead act in making the entry.

Such entry invested him with an inchoate equitable title to the land, and, upon faithful observance of the provisions of the law in regard to settlement and cultivation for the continuous period of five years, and upon proper proof, etc., before the land officers, he would be entitled to patent a crtificate, upon which a patent would issue, vesting in him a complete legal title.

But upon making such entry, he certainly would be entitled to the possession of the land, in order to make the settlement and cultivation required of him by the act of Congress to complete his right to a patent.

Upon such title, though but an inchoate equitable title (subject to be defeated by non-compliance with provisions of the act of Congress), and upon such right of possession, we think appellee could maintain ejectment, under the liberal provisions of our statute, for possession of the land against one having no better title or right of possession.

It seems that, at the time appellee made his entry, appellants had a mill on one of the tracts embraced in his entry. Under what right, or color of right, they entered upon this tract and erected the mill, they did not show on the trial. For anything appearing to the contrary in this case, they were mere trespassers.

*Second*—The first paragraph of the answer was an attempt to plead matter in abatement of the suit, under secs. 2267, 5216, Gantt's Digest.

The plea should have alleged that the land was subject to assessment, that it was assessed for the taxes of some particular year or years, sold for non-payment of taxes, etc., and purchased by appellants, etc.

Whatever else the statute may mean, it certainly does not mean, that where public lands are assessed and sold for taxes, which are not subject to taxation at all, and afterwards entered,

the person entering them must tender to the tax sale purchaser the money paid by him, etc., and the value of the improvements, etc., before he can maintain an action for the lands. *Haney* v. *Cole et al.,* 28 Ark., 303.

Judgment affirmed.