Brummett v. Pearle.

---

## BRUMMETT v. PEARLE.

EJECTMENT: *Homestead entry sufficient for.*

Ejectment may be maintained under our statute, upon a certificate of a homestead entry. If the entry was illegally obtained, it may be vacated by the United States, but can not be questioned by a defendant in possession without right.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Bruce and Benjamin*, for appellant.
*Compton, contra.*

ENGLISH, C. J.   On the thirteenth of February, 1879, L.
D. Pearle brought ejectment against Wm. C. Brummett,
in the circuit court of Faulkner county, for the southwest
quarter of section four, township seven north, range thir-
teen west.

The complaint alleged, in substance, that the plaintiff
was the owner, and entitled to possession of the land. That
on the fifth of December, he entered the land, under the
homestead act of congress, at the United States land office
at Little Rock, and obtained a certificate of entry therefor,
which is exhibited and made part of the complaint.   That
he had in every way complied with the law under and by
virtue of said entry.

That he had possessed and occupied the land, paid taxes
thereon for several years before he made the entry, and had
before and since the date of the entry made valuable im-
provements thereon, by clearing and fencing part of the
land, and building a log house and crib thereon, all of
which he owned, etc.

" That defendant now holds possession of said lands and
the improvements thereon without right, and for one
month past has unlawfully kept the plaintiff out of posses-
sion."

Prayer for judgment for possession of the land, and im-
provements, and for damage, etc.

The defendant demurred to the complaint on the ground
that it did not set forth facts sufficient to constitute a
cause of action, but filed an answer before there was any
decision of the court upon the demurrer.

In his answer he admitted that plaintiff had made a

Brummett v. Pearle.

homestead entry of the land, and obtained the certificate of entry as alleged in the complaint; but averred that plaintiff resided in the town of Conway, and did not reside upon the land at the time he made the entry, and had not since resided on it.

Plaintiff demurred to the answer on the grounds that the court had no jurisdiction to inquire and decide whether he had failed to comply with any condition of his entry under the homestead act; and that defendant could contest his entry in the proper land office of the United States only.

The court sustained the demurrer to the answer, and defendant resting, the matter of damages was submitted to the court, which, upon the evidence, were assessed at $4, and judgment rendered in favor of plaintiff for possession of the land, and the damages so assessed.

Defendant moved for a new trial, which was overruled and without taking any bill of exceptions he appealed.

The only point made for appellant, by his counsel here, is, that the demurrer to the answer relating back to the complaint, was bad because appellee could not maintain ejectment upon a homestead certificate of entry.

It was decided in *Gaither et al. v. Lawson, 31 Ark., 279*, that, under our statute, ejectment could be maintained upon such certificate of entry.

Whether appellee resided upon the land or not, is no doubt a question between him and the United States. Appellant showed no right to be on the land, and appellee's certificate of entry gave him the possession until vacated by the government, if any cause existed for it.

Affirmed.