Hill v. Plunkett.

HILL v. PLUNKETT.

1. EJECTMENT: *When maintainable.*

The action of ejectment is a possessory action and may be maintained in this State in all cases where there is a legal right of possession against one who wrongfully holds possession from the person having the better right.

2. SAME: *Conflicting entries in land office.*

Where there are conflicting entries of the same land in the United States land office, the oldest entry will prevail at law until vacated, without regard to the equities of the parties.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY Circuit Judge.

*Ridout & Shappard* for appellant.

Where a homestead entry is cancelled, the *first* legal applicant for the land thereafter takes it, notwithstanding any hardships it may cause a party living thereon.—*Decision Sec'y Int., Dec. 1st, 1875, in Cox v. Gilliland.*

Appellant being the first applicant, and having the homestead certificate, prior in time to appellee's pre-emption application, has the better right.

Cite *13 Pet., 498; 2 Otto, 733; 4 Wall., 210; 1 Otto, 330; 12 Wheat., 536.*

Until appellant's homestead certificate is vacated, by proper contest before the proper department, he is entitled to the possession, being the first legal applicant.

53—R

EAKIN, J. Appellant brought ejectment against Plunkett, upon the U. S. Receiver's receipt for a homestead entry of the land in controversy, dated December 22d, 1881, No. 12,995. The receipt is for the fee and compensation of the receiver for the entry of the land under *sec. 2290, Rev. Statutes of the United States,* and describes the land.

The defendant set up the matters which appear in the agreed statement of facts, which was all the evidence. Upon it the court directed the jury to return a verdict for defendant from which plaintiff appeals—judgment having been duly entered, and the points properly saved.

The statement is, substantially, this :

On the first of May, 1874, the land was entered as a homestead by T. D. Burress at the office in Little Rock. He died next summer, leaving a widow, after having cleared six or seven acres, and built a stable. In the following October, Plunkett bought the improvements from the widow for $120, and procured her relinquishment to the government,intending to move upon the land and improve and cultivate it, and enter it as his homestead as soon as the entry of Burress should be cancelled. In pursuance of this intention, he built a house on the land in the latter part of 1874, moved on it in 1875, and made other buildings and valuable improvements, worth altogether about $350—all in good faith and with the view of entering the land in accordance with law —and all of which was known to plaintiff when he made his entry. In the fall of 1879, he advised the officers at the land office of his intention to homestead the land, and of his improvements. He was again at the office in 1880, when the register advised him that he would notify the clerk of Conway county of the cancellation of the former entry as soon as it was made, and that he would have thirty days to make his entry after being advised of the cancellation. Defendant received this notice from the clerk on the twenty-fourth day of December, 1881, which was Saturday ; and on

the twenty-sixth he filed his declaratory statement for a pre-emption, being unable at the time to pay the fees for home-steading—which filing was within thirty days of the cancellation, and within thirty days after notice. That he obtained the receipt and certificate of the register on the twenty-seventh December, 1881. The plaintiff obtained a homestead certificate and receipt for the same land on the twenty-second of December, 1881, being the one exhibited with his complaint. Defendant was in possession.

The action of ejectment, still so-called, is a possessory action, and may be maintained in this State in all cases where there is a legal right of possession against one who wrongfuly holds possession from the person having the better right.

1. EJECTMENT: When maintainable.

In *Gaither v. Lawson, 31 Ark., 279,* the action was brought upon a receipt for a homestead entry, just like this, and sustained. This was followed in *Brummett v. Pearle, 36 Ark., 471.* In the latter case it was held that the legality of the entry could not be questioned by one in possession without right, but that it might be vacated by the government.

Upon the cancellation of the entry of Burress, the land became immediately subject to entry by the first applicant. Whether the entry was made under circumstances which, if known at the land office, would have caused the application to be rejected; or whether now, upon a contest between complainant and defendant on his declaratory statement, the United States government would declare the right of defendant superior, and cancel the entry of complainant, are not questions for this court. The entry of complainant is the older and prior claim, and in ejectment must, until vacated, be held to give a better right.

2. SAME: Conflicting entries in land office.

The directions to the jury, which were equivalent to a declaration of law, were erroneous.

Reverse and remand for a new trial.