WILSON *v.* MURRAY.

4-3160

Opinion delivered December 4, 1933.

*W. A. Leach* and *J. D. Thweatt* and *Cooper Thweatt,* for appellant.

*Emmet Vaughan,* for appellee.

KIRBY, J. This action involves the right to possession of certain lands in Prairie County, Arkansas, to-wit: The southwest quarter (SW¼) of section eleven (11), township four (4) north, range four (4) west, containing one hundred sixty (160) acres.

On the 10th day of June, 1929, at the collector's sale for delinquent taxes, the tract of land in controversy was sold to the State for taxes, penalty and costs due thereon for the year 1928, the time for redemption having expired, and, said lands remaining unredeemed, the same were struck off to the State and duly certified to the State of Arkansas by the county clerk as forfeited lands.

On the 8th day of August, 1932, the State of Arkansas issued to appellee, Charles Murray, Sr., a donation certificate for said lands. On the 10th of October, 1932, the State Land Commissioner extended to the 5th day of January, 1933, the time for compliance with the donation laws by the donee in said certificate. It is claimed by the donee that, on the 28th day of December, 1932, he took possession of said lands, and he did, after a fashion, come into possession of a tenant house situated thereon. On the 10th day of January, 1933, the donee brought this action in ejectment in the Prairie Circuit Court to recover the possession of said lands, alleging that he had donated the same from the State of Arkansas, and was entitled to the immediate possession thereof, and that appellants were in wrongful possession. The donation certificate was attached to the complaint as evidence of his title and right to possession.

Appellants answered and, after a demurrer to the answer had been overruled, on motion of the appellee, Murray, the cause was transferred to equity. Subsequently, on the 25th day of April, 1933, appellants filed an amended and substituted answer in which it was denied that the appellee, Murray, was entitled to the pos-

session of the lands. It was admitted therein that the land had sold for taxes, and that the appellee, Murray, had donated same, but it was denied that he had acquired any right to possession of the land by his donation for the reason that the tax sale upon which the donation was based was void on account of irregularities in said sale. It was further admitted that appellants were in possession of the lands as tenants of the owner, and no affirmative relief was prayed.

On the 2d day of May, 1933, the State of Arkansas was made a party plaintiff by amendment, and it was alleged in this amendment that the lands were sold to the State for the taxes for the year 1928, and were subsequently certified to the State as forfeited lands, and that the State was the owner thereof, subject to the rights of the donee, Chas. Murray, Sr. On the same day, a demurrer to the answer was filed, the gist of which was that the answer shows on its face that the title to the lands was in the State subject to the rights of the donee, and that same set up no right or title in the appellants that would entitle them to question the validity of the tax sale, nor the donee's right to possession.

The chancellor held that the answer was insufficient in that the appellants did not tender to the State her taxes, nor to the donee the expenses of donation nor the value of improvements he might have made. The appellants declined to plead further, and a decree was entered awarding the possession of the lands to the donee, and this appeal seeks the reversal thereof.

This is a suit in ejectment, not one to try titles, but only the right to possession of the lands under a donation certificate duly issued by the State. Such an action may be maintained in all cases where the plaintiff is lawfully entitled to possession of the premises. Section 3686, Crawford & Moses' Digest. "The action of ejectment is a possessory action and may be maintained in this State in all cases where there is a lawful right of possession against one who wrongfully holds possession from the person having the better right." *Hill* v. *Plunkett,* 41 Ark. 465; *Gaither* v. *Lawson,* 31 Ark. 279; *Brummett* v. *Pearl,* 36 Ark. 471.

The plaintiff in ejectment must show written evidence of his title or claim, and "the defendant in his answer shall plead in the same manner as above required of the plaintiff." Section 3691, Crawford & Moses' Digest.

Appellee exhibited his donation certificate with his complaint and attempted to take possession of the lands within the time provided therein, and did move on the place, in a tent, and found defendants in possession, attempting to hold it without any right whatever. The answer set up no right to possession, except that it stated that the defendants were in possession of the land as tenants of Prouty & Company, the alleged owner, but failed to exhibit the contract or to show any title in Prouty & Company. They also failed to show the date of the alleged contract, and showed no right to possession. Plaintiff demurred to the answer because it did not plead as the statute required by showing written evidence of defendant's right to possession; and the complaint and answer both showed the title to the lands to be in the State, subject to the plaintiff's right under his donation certificate. The demurrer challenges the right of defendants, who admitted that the title to the land was in the State, and that same had forfeited for nonpayment of taxes and a donation certificate had been issued to the plaintiff, to claim adversely to the State or its donee, claiming that defendants could not do so without first setting up some right to possession in themselves. The answer was properly held insufficient. *Beard* v. *Wilson*, 52 Ark. 290, 12 S. W. 567.

The appellants showed no interest in the property, and did not exhibit any written evidence of title thereto with their answer indicating any interest which it was their duty to protect. After the State's donation certificate was lawfully issued, the plaintiff had the right to take possession of the lands under its provisions, and this right could not be defeated by any one except the original owner, his grantees or assigns, none of whom appear in this case.

Under the statute, § 10,112, Crawford & Moses' Digest, the clerk certifies the forfeited lands sold to the

State, "and thereupon the title to all lands embraced in such certificate shall vest in the State." The State herself claims the right to the possession of these lands for her donee in aid of the certificate issued to him.

The appellants did not exhibit any written evidence of title, nor claim to have been owners or entitled to possession thereof at the time of the forfeiture of the lands, nor did they show any right under the statute to question the appellee's right of possession to said lands. No error appearing, the decree is affirmed.