## NATIONS v. BARNETT.

5-2374                                              345 S. W. 2d 368

Opinion delivered April 17, 1961.

*Paul Jameson* and *O. E. Williams,* for appellant.

*James R. Hale,* for appellee.

PAUL WARD, Associate Justice. Appellant filed a suit in the Circuit Court in ejectment, alleging that he was the owner of Lot 7, Block 5, Original Town of Prairie Grove and that J. C. Barnett and Grace Barnett, his wife, were in possession. The prayer was for possession. After suit was filed J. C. Barnett died and the suit was revived in the name of Grace Barnett, Jack Barnett and Kathryn Barnett Couch. By an amendment to the complaint appellant deraigned his title to said Lot 7 as follows: November 10, 1941, sold for assessed taxes, penalty and costs; certified to the State January 27, 1944; on February 20, 1946, the State confirmed its title; and on February 15, 1955, the State Land Commissioner executed a deed to appellant, and on September 10, 1959 he executed a correction deed.

On October 16, 1959 appellees answered and set out the following defenses: (a) said Lot 7 was deeded to J. C. Barnett and Grace on March 12, 1941; (b) appellees went into possession of Lot 7 (no date specified) and have been in actual, open, continual and hostile possession ever since; and (c) the deed upon which appellant relies is void because said lot ''sold for a greater amount of taxes, penalty and costs than was due thereon.'' Some twenty other reasons why the tax deed was void are set out also but not developed at the trial.

Appellant thereupon filed a motion to transfer to equity in view of the fact that appellees sought to cancel his tax deed. The motion was denied.

An amended answer was filed by appellees alleging: (a) the State had no title to convey to appellant, and (b) the State and County has every year since 1940 assessed, levied and collected taxes on Lot 7, and that they have paid the same, and thus the State was estopped to assert any claim on Lot 7 or to convey the same. Other pleadings were filed but they are not material to this opinion.

After a full hearing, the trial court sitting as a jury, directed a verdict in favor of appellees and dismissed appellant's complaint. The reason assigned by the court for so holding was that "the deeds to plaintiff covering" Lot 7 "are void and of no effect."

Since we have decided that the judgment of the trial court should be reversed and that the cause should be transferred to equity, we will set out only the facts necessary to explain and justify this conclusion.

(a) Appellant showed he had a *prima facie* title to Lot 7. It is undisputed that Lot 7 sold for taxes, that it was deeded to the State, and that appellant received a deed from the State in 1955. We think it is immaterial that the State deed in 1955 described the property as Lot 7, Block 5 "in the City of Prairie Grove" when a more exact description might have been (as shown in the 1959 correction deed) Lot 7, Block 5 "Original Town of Prairie Grove." It appears to us that the first description was sufficiently definite to locate the property in the absence of any evidence to the contrary. If there is such evidence the burden was on appellees to produce it. The record also shows that appellant has paid taxes on said Lot 7 since the date of his deed to and including the year 1958. It further shows that Lot 7, Block 5 has been carried on the tax books for all years pertinent to this litigation.

The above, we think, constitutes a *prima facie* title in appellant which entitles him to maintain an action in ejectment. In *Cooper* v. *Newton*, 68 Ark. 150 (at page 153), 56 S. W. 867, in an ejectment action, this court said: "Plaintiff Cooper, by his quitclaim deed from Mrs. N. M. Huffman, shows a *prima facie* perfect title to the lands claimed in his complaint, which gives him the right to recover same, unless there is proof that defendant has a better title."

In this case appellees attempt to defeat appellant's action by showing (a) they have a better title, and (b) appellees' tax title is void.

(a)   We find that appellees have failed to show a better title, or any title, to Lot 7.  The deed from W. J. Quick to J. C. and Grace Barnett, dated March 12, 1941, referred to above describes certain property by metes and bounds in the SW¼ of SW¼ of Section 18, Township 15 North, Range 31 West, and also in Block 5 in "the town of Prairie Grove," and then ends with: "Being a part of Lots 5, 6, 10, 11, 12, 13, 14, 15 and 16 in Block 5 of the Original Plot of the Town of Prairie Grove."  Lot 7 is not mentioned in the description.  The record shows that appellees have paid tax (not on Lot 7) but on part of Lots 5, 6, 10, 11, 12, 13, 14, 15 and 16, until 1951 and thereafter on a "part of Block 5."

Thus it is apparent from the above that appellees have no record title to Lot 7 or any part thereof unless it appears in the metes and bounds description heretofore mentioned.  Appellees called as a witness a surveyor who had made a survey (or rather a partial survey) of the lands described in the Quick deed, but when the trial judge attempted to elicit from him information on this vital point appellees objected and the matter was not pursued to any definite conclusion.  The result is that we are unable to determine to a certainty whether the Quick deed actually includes any part of said Lot 7.  The witness did state positively that it did not include all of Lot 7.

(b)   Neither can we affirm the trial court's judgment dismissing appellant's complaint on the ground that his tax deed was "void and of no effect."

First, until appellees have shown that they have some color of title to Lot 7 they are in the position of trespassers, and are strangers to the title.  In such position they have no right to challenge appellant's title. *Wilson* v. *Murray*, 188 Ark. 312, 66 S. W. 2d 622 and *Kilpatrick* v. *Kilpatrick*, 204 Ark. 452, 162 S. W. 2d 897.

Moreover, even if appellees had a right to challenge appellant's tax deed (which is not shown), we think the evidence produced was inconclusive on that point.  It was shown that Lot 7 was sold for $1.83 including taxes,

penalty, and costs. Appellees contend this amount was excessive based on 9 mills for State purposes, 5 mills for county general purposes, and 3 mills for the road and bridge fund, all based on an assessed valuation of $25. Since all of the pertinent records were not introduced we are in no position to say appellees have discharged the burden of showing the tax sale was for an excessive amount. We also note that appellees throughout the trial repeatedly insisted they were not trying to cancel appellant's tax title, which could have tended to mislead appellant in failing to fully develop the issue involved on this point.

Nor can we agree with appellees' contention that appellant's tax deed is void and that the State was estopped to claim title to Lot 7 because they were thwarted in a good faith endeavor to pay taxes on the lot. The reason we can't agree is that there is nothing of record to show appellees tried, or had a duty, to pay taxes on said lot.

In view of what has heretofore been said we conclude that the judgment of the trial court voiding appellant's tax deed must be reversed, and in view of the nature of appellees' defenses set forth in their answer we have concluded that the case can be better developed and justice better served by remanding the cause with directions to transfer the same to the Chancery Court. It is so ordered.

Reversed and remanded with directions.