## Jones vs. Jones

A deed, purporting on its face to be a conveyance of property, could not be made a mortgage in this case, because the evidence did not establish such a conclusion.

Where notes are barred by the statute of limitations, the payment of money as security for the debtor, cannot revive them.

A note which has not been delivered, and which is in the hands of the maker, cannot be presumed to represent an existing debt.

In a proceeding to settle a partnership concern, it is not proper to take into consideration an account between the parties for clearing and building upon their joint lands, and rents received therefor—the account in such case should be settled in a proceeding for partition.

The settlement of an unliquidated partnership transaction should not involve with it mere personal demands: but if, on ascertaining a balance, it appears that the other party had an existing demand for moneys paid, to an equal or greater amount, it is not equitable to render a decree for such balance.

*Appeal from Sevier Circuit Court in Chancery.*

Hon. Len B. Green, Circuit Judge.

Gallagher and Knight, for the appellant.

Garland & Randolph, contra.

Mr. Justice Fairchild delivered the opinion of the court.

With the most of the matters with which this case is loaded, we need have no concern. The deed brought into the record, as exhibit A, No. 1, of the bill, was to protect the plaintiff, Orlando S. Jones, against loss from standing as security for the defendant, John T. Jones, and may be dismissed with the remark, that the bill only claims that the plaintiff paid fourteen

hundred dollars as such security; and this amount paid in Arkansas paper is provided for in the decree herein rendered.

What the other deed, that marked exhibit D, No. 1 of the bill, was for is not explained on its face, as anything but a simple conveyance of the property therein mentioned; and the court below did right in not holding it as a mortgage to secure the two bonds of the defendant to the plaintiff of 10th September, 1838, and of the 25th October, 1839, because the evidence did not establish such a conclusion. No reason has been given to us, which we think good, why the statute of limitations should not be applicable to these obligations. The fact of the plaintiff having, in 1845, paid to the Real Estate Bank a sum of money for the defendant, did not revive actions already barred against the defendant on other and distinct matters of indebtedness, and the settlement of an unliquidated partnership transaction should not involve with it mere personal demands.

Nor is it shown that the four thousand dollar note mentioned in the bill stands in the place of the two bonds referred to, or that it represented an existing debt, but the contrary is implied by the statement of the bill that it was not delivered to the plaintiff, and is shown by its production before the master by the defendant.

The allegations in the bill of improving the lands owned by the plaintiff and the defendant, by clearing and building upon them, and of rents received by the plaintiff, are not proper to be taken into consideration, either to be enforced as mutual demands, or as an element in the partnership transaction in farming. If the plaintiff has put improvements on the land owned by himself and the defendant, without the consent of the latter, he may look for a recompense in a proceeding for partition, so as to have the improved portion assigned to him, or to have a compensation for his improvements in that proceeding. *Drennen vs. Walker*, 21 *Ark.* 557.

The partnership transactions of parties present a proper subject of enquiry for a court of equity, and to ascertain the correctness of the decree rendered, we have directed the clerk of

this court, as a special master, to state an account upon the principles herein indicated. His statement coincides with that of the master in chancery in the court below, with two exceptions. He allows to the plaintiff wages as overseer, when none was employed, which entitles him to credit in the account of seven hundred and sixty-four and a half dollars, and charges the defendant with eight hundred dollars, the hire for the negroes of Lewis Jones, under the stipulations of the contract of partnership, instead of computing that hire as part of the expenses of the partnership. The explanations of the account will be found in the report of the master on file. By that report the defendant is entitled, from the partnership proceeds in the hands of the plaintiff, to five hundred and seventy-five dollars, but it is not equitable to require the plaintiff to pay this when he had a demand existing against the defendant for the money paid to the Real Estate Bank, as the defendant's security. That amount slightly overbalances what was due to the defendant, and will be allowed so far as to extinguish the claim of the defendant against the plaintiff, but no farther, as we do not wish to make an individual demand the foundation for a decree.

That part of the decree of the court below which relates to the deeds or mortgages mentioned in the pleadings is affirmed, the decree against the plaintiff for a sum of money is reversed. No decree for money is to be rendered against either party. Each party will pay one-half of the costs in the court below, and in this court—these costs to include the allowances to the masters in each court.