## BLACK, *ad.*, *v.* AUDITOR OF STATE.

MANDAMUS.—Mandamus will lie to compel the heads of departments of State to perform a mere ministerial act imposed upon them by law, though not in those acts requiring the exercise by them of judgment and discretion.

PETITION TO BE SWORN TO.—The practice is well settled, that a jurat is necessary to a petition for *mandamus.*

### *Error to Pulaski Circuit Court.*

HON. LIBERTY BARTLETT, Circuit Judge.

*E. H. English*, for plaintiff in error.

*Jordan*, *Attorney General*, defendant.

STOREY, Special C. J.

Cain petitioned the Pulaski circuit court for a *mandamus* against the State auditor, to compel him to pay the sum of $7,018, claimed to be due as his salary as judge of the third judicial circuit, from the first day of July, 1861, to the fourth day of September, 1865. The petition was not verified, nor were any affidavits filed therewith.

The court refused the prayer of the petition, assigning as a reason that the proper remedy was by suit against the State.

Gould's Digest, chapter 166, section 4, provides: "Hereafter,

it shall not be lawful, and it is hereby expressly forbidden, for any person or corporation to sue, or implead, or move against the State in chancery, or any officer, or person acting for or representing the State; and no suit or action shall be brought against said State, or officer or person acting for or representing the same, except at law."

Section 5, which was passed two years later, provides that, "All persons having claims or demands against the State, on any account whatever, shall institute suit therefor in the circuit court in and for the county of Pulaski, and said court shall proceed to take and hear all the testimony for and against the same, and shall certify the proof so taken, under the seal of said court, to the next session of the General Assembly of this State after the taking of the same, together with its opinion in regard to the justness thereof; but said court shall not enter a judgment or decree in any case whatever against this State, upon the testimony so taken, or any other testimony whatever; but the testimony so taken, and the opinion of said court so taken and certified by said court, shall be submitted to the General Assembly of this State for such action as may be deemed necessary thereon."

Conceding for the present that the amount claimed is justly due, is *mandamus* the proper remedy ?

It is a well settled principle that *mandamus* will lie against the heads of department of the Federal and State governments, to compel them to perform a mere ministerial act imposed upon them by law, though not in those acts requiring the exercise by them of judgment and discretion. Do the sections above quoted in any way affect the jurisdiction of the courts in issuing a *mandamus ?* We think not.

The salaries of the circuit judges are fixed by law; an appropriation has been made to pay these salaries; the ministerial duty of auditing the accounts and issuing his warrant, for the amount, is all that remains to be done. If suit were brought against the State, under the sections above quoted, and an appropriation made by the Legislature, the same min-

isterial duty would remain to be performed. We are satisfied that on both principle and authority, *mandamus* will lie, and is the proper remedy, if the petitioner is in fact entitled to the amount claimed.

In Wisconsin, where their statute is substantially the same, the Supreme Court, by implication, at least, have held that *mandamus* would lie to compel the payment of an account, and have made a distinction between the judgment of an officer in a matter left to his discretion and his judgment, as to the extent of his discretion under the law, holding that the decision of an auditing officer is conclusive as to the amount of a claim which the law permits him to allow, but his decision as to whether the claim is, in its nature, within the statute is not so, but is reviewable on *mandamus*. *Divine v. Harris, 8 Mon. (Ky.) 440; Kendall v. United States, 12 Peters, 526; Zowle v. Pierce, 2 Cal. 165; Danley v. Whitley, 14 Ark. 687; Hempstead v. Underhill, 20 Ark. 337; State v. Hastings, 10 Wis. 518; Citizens Bank of Steubenville v. Wright, 6 Ohio St. 318.*

The next question that presents itself is the sufficiency of the petition, which, as we have before stated, was not verified, nor in any way sustained by affidavit. The practice appears to be well settled that a *jurat* is necessary, for otherwise the time of the court might be taken up with frivolous applications, or merely for the purpose of obtaining the opinion of the court on a supposed statement of facts. *Tapping's Mandamus, 385 and 292; Moses on Mandamus, 201-2-3 and 5; 1 Chitty's General Practice, 706; 2 ib. 354.*

The court therefore did not err in refusing the petition.

Judgment affirmed.