McDearman vs. McClure.

---

## McDEARMAN VS. McCLURE.

1. CHANCERY JURISDICTION: *In action for contribution between tenants in common.*

   Where one tenant in common, on the refusal of the other to join him, makes necessary repairs for the benefit and preservation of the joint property, he may maintain a bill in equity against his co-tenant for contribut'on.

2. PRACTICE: *Verification of pleading.*

   The reply to a counter claim must be verified.

APPEAL from *Independence* Circuit Court in Chancery.

Hon. CHARLES MINOR, Special Judge.

*Gallagher & Newton,* for appellant.

ENGLISH, CH. J. :

This suit was commenced on the law side of the Independence Circuit Court, by Moses McClure against Wm. W. McDearman, in April, 1869, and, after demurrer interposed to the complaint, was, upon the application of the plaintiff, transferred to the equity docket, and the complaint amended so as to make it a bill by one tenant in common against his co-tenant for partition of a saw-mill and lot of leased ground on which it stood, and for contribution for repairs, etc.

During the progress of the cause, McDearman sold his undivided third of the property in dispute to McClure, and, by agreement of parties, the litigation was continued as to the claim of McClure for repairs. McClure claimed that he had made repairs upon the mill of the value of $634.75, and sought to charge McDearman with one-third of that sum.

Upon the pleadings and voluminous depositions the court, upon the final hearing, found that McClure, who owned two-thirds of the mill and ground lease, had done repairs upon the mill, etc., necessary to preserve it from waste and destruction, of the value of $336.50, and rendered a decree against McDearman for $112.16, being one-third of that amount.

During the progress of the suit, McDearman, by an amendment to his answer, set up a cross claim for the rent of the mill, which the court did not allow upon the hearing.

He appealed from the final decree to this court.

*First*—As to the claim for repairs :

The mill was at Ramsey's Ferry, on White River, near Batesville.

On, and for some time before the 3d of August, 1867, appellant owned an undivided third of the mill and ground lease, and Wm. W. Ingrum owned the other two-thirds. On that day, by written contract, appellant leased to Ingrum, for twelve months from the 1st of August, 1867, his undivided third of the saw-mill, fixtures, privileges and ground lease, to be returned to him at the end of the year, " with the entire property in all respects in, as good condition as at the date of the lease, the ordinary wear and tear from use of machinery, the acts of God, or unavoidable accidents only, excepted; and that Ingrum should, during the twelve months aforesaid, make all minor repairs required on the said mill, or any of the fixtures thereunto belonging, without charge or expense to said McDearman."

On the 16th of January, 1868, Ingrum sold and conveyed his undivided two-thirds of the property to appellee, McClure.

In the pleadings, appellant affirmed and appellee denied that this sale included the lease of appellant to Ingrum. On this point the depositions are silent.

After appellee purchased out Ingrum, he applied to appellant to join him in making repairs, which he declined to do, insisting that he was bound to make no repairs during Ingrum's lease. Upon reflection, however, he concluded he would join appellee in making such repairs as they might agree upon. They were personally unfriendly, but willing to converse on business. They met at the mill, examined its condition, but failed to agree upon the repairs necessary and proper to be made upon joint account. Appellee proceeded, after their failure to agree, to make all the repairs which he deemed necessary, and the evidence conduces to prove that they were of the value charged in his bill.

From the mass of conflicting testimony read upon the hearing, the court below seems to have allowed such portions of appellee's account for repairs as were deemed necessary to preserve

*Vol. xxxi.—36.*

McDearman vs. McClure.

the common property from waste and destruction, and to have disallowed charges for such repairs as should have been made by Ingrum under his lease.

At the common law, if there are two tenants in common, or joint tenants of a house or mill, and it should fall into decay, and the one is willing to repair and the other is not, he that is willing to repair shall have a writ *de reparatione facienda*, for owners are bound, *pro bono publico* to maintain houses and mills, which are for the habitation and use of man.   Coke.

This writ was not employed to obtain contribution for repairs previously made, but to compel a co-tenant to make, under the order and direction of the court, such repairs as are adjudged to be proper.

This old writ is not in use in America.

Whether, when one tenant in common makes necessary repairs for the benefit or preservation of the joint property, on the refusal of the co-tenant to join him and share in the expense, he may maintain an action at law for contribution, it is not necessary to decide in this case.

But that the party making the repairs has a remedy for contribution by bill in equity for partition, there is no doubt.  Freeman on Co-tenancy and Partition, sec. 261 ; Story Equity Jurisprudence (12 ed.), secs. 1234-1236 ; 4 Kent. Com., 369-70 ; *Calvert* v. *Aldrich*, 90 Mass., 74 ; *Converse* v. *Ferre et al.*, 12 Mass., 325 ; *Denman* v. *Prince*, 40 Barb., 215 ; *Haven et al.* v. *Mehlgarton*, 19 Ill., 92 ; *Mumford* v. *Brown*, 6 Cowan, 475 ; *Kidder* v. *Bixford*, 16 Vermont, 169 ; *Drennan, adm'r, et al.* v. *Walker et al.*, 21 Ark., 557 ; *Jones* v. *Jones*, 23 Ark., 212.

On this branch of the case, we are not disposed to disturb the finding of the chancellor upon the mass of conflicting evidence before him.

*Second—*As to the counter claim :

Appellant's counter claim was, that appellee kept and used the whole mill for thirty days after the 1st of August, 1868, when Ingrum's lease expired, and that appellant's interest during that time was worth $70, or some other sum. That he sued appellee on his claim before a justice of the peace, and obtained judgment for $45, and that, on appeal to the Circuit Court by appellee, the court held that the subject of the action was not cognizable at law, but in equity, and dismissed the cause.

At the hearing of this suit, appellee was permitted to file a reply to the counter claim without verification, against the objection of appellant.

The reply may be filed on or before the calling of the cause for trial. Gantt's Digest, sec. 4583. And must be verified by affidavit. Id. 4591.

The court should have required the appellee to verify his reply.

But passing over this error, and treating the counter claim as at issue, we think it was as well proven for a sum to be stated presently, as was the sum allowed appellee for repairs.

One witness deposed that appellee continued to run the mill until the last days of August, 1868 ; that he ran the mill about eighteen days after Ingrum's lease expired.

Another witness swore that a saw-mill ought to be run about twenty days in a month, and ought to be worth $7.50 per day. That appellee ran the mill, after Ingrum's lease expired, a short time, perhaps not a month, and may be more.

Taking eighteen days as the probable time that appellee appropriated the whole mill to his own use, after the 1st of August, 1868, and $7.50 per day to be its value, the product is $135, one-third of which is $45, and this sum, we think,

should have been allowed by the chancellor as a credit upon the amount found to be due from appellant to appellee for repairs.

The decree must be so modified here as to allow appellee $67.16, instead of $112.16, the amount allowed by the chancellor, and the costs of this court must be equally divided between the parties, and the litigation closed.