WORTHEN *v.* FLETCHER.

Opinion delivered October 30, 1897.

1.   JUDICIAL SALE—LIMITATION.—A tax sale is not a judicial sale, within Sand. & H. Dig., § 4818, providing that "all actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales shall be brought within five years after the date of such sale, and not thereafter." (Page 388.)

2.   ADVERSE POSSESSION—COLOR OF TITLE.—A certificate of purchase at tax sale is a sufficient color of title upon which to base evidence of adverse possession. (Page 388.)

Appeal from Lonoke Circuit Court.

JAMES S. THOMAS, Judge.

Reversed.

*George Sibly,* for appellant.

The lands were exempt from taxation under the act of January 6, 1851. 19 Ark. 360; Abbott's N. D. vol. 4, p. 264, § 48; 4 Wall. 143; 71 U. S. 314; 2 Blackwell, Tax Titles, § 801 *et seq.* On this account, and also because the sale by the auditor was for an amount in excess of the amount due for taxes, the sale is void. 2 Blackwell, Tax Titles, §§ 807-2; 56 Ark. 93. Possession under a void tax sale is not adverse unless the deed be recorded. 1 Ballard's Ann. Law of Real Prop. § 420. The certificate of purchase at a tax sale is not "color of title." 2 Blackwell, Tax Titles, 955; *Ib.* 958; 25 Am. & Eng. Enc. Law 401; note 2; 1 Ballard, Real Prop. 420; 41 Ia. 397; 27 *Ib.* 160; 4 Am. R. 214; Blackwell, Tax Titles, 954; 19 Mo. 33; 2 Ballard, Real Prop. § 30; 25 Am. & Eng. Enc. Law, 401; 83 Ga. 79; 8 Ohio, 216; 5 Ore. 191; 51 Ala. 469; 56 Ala. 198. There is no proof of adverse possession as to the west half of the quarter section in controversy.

*J. E. Gatewood, Sr.,* for appellee.

The lands were not exempt from taxation. Act January 11. 1855, § 1. The tax sale was not void. Forfeiture of land to state does not stop taxes. Gould's Digest § 157. Burden of proof is on one attacking auditor's deed. 15 Ark. 331. A valid tax title is not necessary in order that a title may accrue by limitation. 34 Ark. 534; 43 Ark. 469; 20 Ark. 508; 20 Ark. 542; 13 How. 472. Limitation runs from date of sale. 22 Ark. 178; 53 Ark. 400; 46 Ark. 96.

BUNN, C. J. James W. Mathews purchased east half of northeast quarter, and west half of northeast quarter of section 29, township 2 south, range 7 west, on the 25th day of May, 1859, and afterwards received his patent, dated 23d September, 1861. Jere Edwards purchased from the auditor of state, under the statute regulating sale of forfeited lands, the east half of the northeast quarter in 1873 or 1874, and took possession, not only of the east half of the northeast quarter, but of the whole of the north-

east quarter of said section, and from that time on put valuable improvements on said east half of the northeast quarter, there being no certain evidence of any improvements having been made on the west half of the northeast quarter. Edwards also purchased at tax sale in 1878 the ·west half of the northeast quarter and received his certificate of purchase from the collector, but never received any deed thereon. He died some years afterwards, and appellee Fletcher became his administrator, and thereafter procured the tax deed upon the certificate of purchase belonging to his intestate as aforesaid.

In July, 1888, appellant instituted her suit in ejectment against appellee for the whole of the northeast quarter of said section of land, alleging that she was the widow of same James W. Mathews, original owner as aforesaid, and that he had died (in her testimony fixing the date of his death as September 4, 1867) leaving surviving him neither children nor kindred capable of inheriting his estate, and that she therefore was his sole heir at law under the statute. The heirs of Jere Edwards were made parties defendant, and they joined with their co-defendant, the administrator, in his plea of the statute of five years' limitation, and also of seven years' limitation; and upon the pleadings and evidence in the case the court below determined the issues in favor of the appellees, and the appellant appealed to this court, where the judgment of the circuit court was affirmed orally.

This is a motion for rehearing, and the only point we deem it necessary to consider is that made by the insistence of counsel in regard to his contention that there is a total want of proof to show adverse possession in Edwards of the west half of the quarter section of land in controversy, counsel contending now that the proof of possession and improvements is confined to the east half of the quarter section, although the witness testified as to the whole quarter section, without making the distinction between the two tracts.

The main controversy in the original hearing was as to the theory upon which the court below tried the case, whether a tax sale is a judicial sale or not; and we hold that it is not, and that the court below as to that was in error; and the question of adverse possession, although of material importance, seems to have been less considered by the parties.

This court held and still holds that the certificate of purchase at tax sale is a sufficient evidence of title as that upon which the

administrator and heirs of Edwards could base their defense, and adduce their evidence of adverse possession, since the statute makes the tax sale, and not the tax deed, the investiture of title in the purchaser, in so far as concerns controversies like this.

The evidence of adverse holding on the part of Edwards applied expressly to the whole quarter section, and there was no distinction made between the separate 80-acre tracts in that connection. Another witness—and probably more than one—seems to fix the improvements made upon the east half of the northeast quarter only, while yet there is an indefinite statement from which some of the improvements—a small portion—was on the other 80-acre tract. On the whole, the proof of adverse possession as to the latter 80 is meager.

Appellant's counsel insists that this distinction in the proof of adverse possession of the tracts separately was a point in his argument and contention in his original brief. His language there is not such as to make that impression on one not in his secrets of thought, but, for fear some injustice may be done the parties interested, a majority of the court grants the new hearing as to the west half of the northeast quarter, but no further, for the special reason that the evidence of the adverse possession of that particular tract and part of the whole quarter section, on the part of Edwards, is not very satisfactory.

The motion, in so far as it affects or might affect the east half of the northeast quarter of said section, is overruled, and the judgment as to that half of the whole tract is adhered to; but, in so far as the motion affects the said west half of the northeast quarter of said section, it is sustained, and a new hearing is granted. To that extent the former judgment is reversed, and the case is remanded for further proceedings, to be confined to an inquiry as to the rights of the parties in and to this latter-named half of the quarter section.

BUNN C. J., and BATTLE, J., are of opinion that the motion should be overruled.