### LEMLY v. WORKS.

### Opinion delivered April 21, 1919.

1. TENANCY IN COMMON—CONTRIBUTION—BETTERMENTS.—In an action aginst a cotenant for contribution for improvements, the chancellor's finding that the improvements were not necessary repairs but a betterment to the building and made without notice to defendant or defendant's agreement thereto, *held* not clearly against preponderance of the evidence.

2. TENANCY IN COMMON—IMPROVEMENTS—INDEMNITY.—A tenant in common has a right to improve the land without the consent of his cotenant, but has no lien therefor, and can be indemnified only by partition so as to have the improvements allowed to him or to have compensation for them if thrown into the common mass.

3. SAME—CONTRIBUTION.—A tenant in common cannot compel contribution from his cotenant for improvements made without consulting the latter, and with the latter's consent.

4. SAME—CONTRIBUTION FOR REPAIRS.—A tenant in common cannot recover from his cotenant either at law or in equity for necessary repairs made, in the absence of an agreement to join therein.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*L. E. Sawyer*, for appellant.

1. A cotenant can maintain a suit for contribution for the cost of improvements made on the common property which were necessary to maintain the rental value,

when the cotenant is receiving continuously her share of the rents.

2. The proof shows that the improvements were necessary to maintain the rental value. 31 Ark. 562. A partition suit was unnecessary. The building was old and dilapidated and the improvements were necessary to maintain the rental value, as the testimony shows. 23 Ark. 212; 21 *Id.* 556. The improvements were made on notice to appellee and with her consent. 157 N. Y. 104; Am. St. 500. Appellee was directly benefited by the improvements. 31 Ark. 562 and cases *supra.*

*C. C. Sparks,* for appellee.

Appellee never consented to the improvements, nor were they necessary, and appellee was not liable for contribution. The opinion of the chancellor settles all questions raised and its findings are conclusive. 42 Ark. 120; 136 Am. St. 768.

WOOD, J. This action was begun by the appellant against the appellee in the circuit court.

The appellant alleged that he and the appellee were owners of a certain building in the city of Hot Springs; that appellant at the request of the appellee made certain improvements on the building, which amounted in the aggregate to the sum of $582, one-half of which was due from appellee to appellant, for which he prayed judgment.

The appellee answered admitting that she was the owner of an undivided one-half interest in the building, but denied that the appellant made the improvements on the building at her request, and denied that she was indebted to the appellant as alleged in his complaint.

The cause was transferred without objection to the chancery court and was tried by that court, and from a decree rendered in favor of the appellee is this appeal.

The undisputed facts are substantially as follows: The appellant and the appellee were tenants in common, each owning an undivided one-half interest in a two-story brick building on Central avenue in the city of Hot

Springs. The building had two stores on the ground floor. One of these stores, known and designated in the record as the "Lemly store," was occupied by the appellant as a drug store, the other, known and designated in the record as the "Roberts store," was rented and used by doctors for their offices. The whole of the second floor was also rented and occupied as doctors' offices. Several years before appellant purchased a one-half interest in the building he had occupied the same storeroom as the tenant of the then owners and he continued to occupy it as a drug store from the time of his purchase until the institution of this suit. The improvements were made at the instance of the appellant and paid for by him. They consisted of a plate glass front and a metal ceiling to the storeroom occupied by appellant, costing him the sum of $582, which was not an unreasonable charge.

The appellant testified that these improvements were absolutely necessary; that the building was thirty-one years old; that the new ceiling was necessary because the old ceiling was plank, out of date, and gave the store a cheap, countrified appearance. It was necessary to make the improvements to modernize the store, draw trade, and thus enhance the value of the building. The store was located in the business portion of the town. All the other drug stores near him had been improved except one which was too small to put in a modern front. The property was increased in value, and if he had vacated the store it would have been necessary to make the improvements in order to secure a suitable tenant. He did not vacate the store because he owned one-half of the building. The rents on all buildings on that portion of the street had been reduced in the last five years and the landlords had to make any kind of improvements tenants desired in order to retain them. Appellant had never discussed with appellee the matter of improvement. All the business was transacted with Avery, appellee's agent. Avery was present at the time the front was being put in and witness told Avery about it and he made no objection to it.

In his cross-examination appellant testified that he
"had understood all the time that his use of the drug
store set off the rents of the Roberts store which went
directly to the appellee. No bill for rent had been pre-
sented to him for fifteen years until that time (1914). It
was tacitly understood that the rents from the Roberts
store, received by appellee, was to set off his use of the
drug store. This understanding was with Avery and his
partner, Lake. Mrs. Work received the entire rent from
the room occupied by Doctor Roberts. Lake, when he told
him to charge him up with $25 a month and give it to ap-
pellee, replied that he was a d—— fool to do it. Under-
stood verbally that if the Roberts store produced no rent,
he would have none to pay, or if it rented for $150 a
month, appellee would have gotten the benefit of it, that
Avery would not have given him a cent of it. This state-
ment rendered by Avery accounting for rent of the other
store and charging him with $100 was the first state-
ment of the kind he had ever received and brought about
the controversy over the rent that was arbitrated. Had
no agreement with Avery in writing that the rent of one
store was to set off the other."

Witness Avery testified, in substance on behalf of
the appellee; that he was the agent of the appellee and
appellant for the collection of the rents on the building;
that the steel ceiling and glass front were made without
his being consulted, being undertaken without his knowl-
edge. Appellant told him that he was putting it in at his
own expense. As a real estate agent, he did not consider
that the improvements made by appellant were neces-
sary. It was a betterment to the building. Appellant
had paid no additional rent after the improvements.

The daughter of the appellee testified, that she had
a conversation with appellant at the time that he was put-
ting in the front; that she was passing the store and ap-
pellant stopped her and told her that he was putting in
a front. Told her to come in and showed her the metal
ceiling. He also told her that he was doing it at his own
expense, and that at any time the appellant wanted to

come in on it she could.    She replied that she didn't want to come in on it.

The appellant in rebuttal denied that he had ever stated to Avery or to the daughter of appellee that he was making the improvements on the building at his own expense.

There was much testimony concerning an arbitration of differences between the appellant and appellee growing out of a charge made by the appellee against the appellant for rents and also in regard to a written lease contract which had been entered into between them subsequent to the improvements.  But in the view which the court takes of the case this testimony does not throw any light upon the present controversy, nor is it necessary to set out in detail any more of the testimony for we are convinced that the appellant cannot recover under any view of the testimony, even the most favorable to him.

The chancellor found that after the purchase by the plaintiff, Avery remained the agent of the appellee and collected all the rents from the tenants for both appellee and appellant and divided the rents equally between them; that the appellant paid no rent but was charged with one-half of the rents of the storeroom, or rather the storeroom rents were charged and all rents added together and divided after the payment of all expenses; that the front put in by appellant was not necessary as repairs for the preservation of the building; that the improvements were a betterment to the building by way of appearances but that the storeroom had not been rented for any more after the improvements were made; that the storeroom would be sought after if for rent now more than before the improvements were made; that the appellant made the improvements without any notice to the appellee that he was going to make them, and that the appellee nor her agent had any information at the time or for a long time thereafter that the appellant looked to the appellee to pay one-half of the costs thereof, which she had never agreed to do; that the appellee labored under the impression that the appellant was putting the improvements in

at his own expense and was not going to look to the appellee to pay any part thereof.

It cannot be said that the findings of fact by the chancellor are clearly against the preponderance of the evidence.

This court early decided that a tenant in common having a right to improve the land without the consent and against the will of his cotenant but having no lien upon it for his improvements can only be indemnified therefor by partition in equity so as to have the improvements allowed to him or to have compensation for them if thrown into the common mass. *Drennen et al.* v. *Walker et al.,* 21 Ark. 539-559. See also *Jones* v. *Jones,* 23 Ark. 212; *McDearman* v. *McClure,* 31 Ark. 559-562.

No such issue was raised by the pleadings and the proof in this case. Appellant is not seeking a partition of the property, he is asking contribution of appellee, a co-owner having an equal interest, for her *pro rata* share to pay for the cost of improvements which appellant made without consulting the appellee or her agent and to which neither consented. Contribution cannot be had either at law or in equity under such circumstances.

The rule is well stated in *Cosgriff* v. *Foss,* 152 N. Y. 104, 57 Am. St. R. 500: "At common law a tenant in common who has made permanent improvements as distinguished from ordinary repairs, upon the common property cannot recover from his cotenant any part of his expenditures for that purpose unless they were made at the request or with the consent, expressed or implied, of the latter."

The improvements in controversy, as shown by the undisputed evidence were not made in the way of necessary repairs but for the purpose of enhancing the value of the property. Appellant claims that this was for the common benefit, but even if this were true it would not entitle him to contribution, for in the case of necessary repairs a cotenant cannot recover of another, in a direct action either at law or equity, a *pro rata* share of the expenditures for such repairs in the absence of any agree-

ment to join therein. Much less can such recovery be had for improvements as distinguished from ordinary repairs. *Ward* v. *Ward,* 40 W. Va. 611, 52 Am. St. R. 911, 29 L. R. A. 449, and note cases.

Mr. Freeman in an exhaustive note to the above case (52 Am. St. R., p. 935) among other things has this to say:

"That for improvements made or services rendered by a cotenant, he cannot maintain any action which will result in a personal judgment against any of his fellow tenants unless he can prove an express promise to pay or such a state of circumstances that a promise should be implied, and it will not be implied either from the making of improvements or from their utility or necessity." Citing many cases. See also *Brown* v. *Cooper,* 98 Iowa 444-456; *Cooper* v. *Brown,* 143 Iowa 482, 136 Am. St. R. 768. Case notes to *Cleland* v. *Clark,* 81 A. St. R. 185; 6th R. C. L., p. 1049, sec. 12.

Moreover, according to appellant's own testimony, the "Lemly store" by the "tacit understanding" or acquiescence of the appellee was set apart for the benefit of the appellant and the "Roberts store" was set apart for the benefit of the appellee. According to appellant's version of the facts, he was not to share in the rents from the Roberts store nor was the appellee to share in or get any benefit from the use of the Lemly store. The use of the latter by the appellant was to offset the rents from the former, which would go directly to the appellee.

If it be conceded that the above arrangement was the correct status of the parties as to the stores, the appellant would certainly have no right to make improvements upon the store occupied by him, and then call upon the appellee to contribute a *pro rata* share for the cost of such improvements. There is no rule of law that sanctions such a charge.

Therefore, the decree of the chancery court dismissing appellant's complaint for want of equity, is in all things correct, and it is affirmed.