WARD v. PIPKIN.

Opinion delivered January 13, 1930.

*S. S. Hargraves,* for appellant.

*Otto B. Rollwage, R. J. Williams* and *Mann & Harrelson,* for appellee.

BUTLER, J. On the 21st day of February, 1921, Fannie Haskins Pipkin, an unmarried woman, made and executed her last will and testament, devising her property to the appellees in this case. After the execution of the will, she was married to the appellant, H. W. Ward, with whom she lived until the 21st day of January, 1928, when she died, leaving no children. The will was filed for probate, and, from the order admitting it to probate, the appellant, as surviving husband of Fannie Haskins Pipkin, filed his affidavit and appeal, and from an adverse decision in the circuit court he has appealed to this court.

The appellant bases his right of action on act No. 149 of the Acts of the General Assembly of the State of Arkansas of 1925. Section 1 of that act reads as follows: "That, upon the death of a married woman intestate, her husband shall be entitled to one-third of her real property for life, and one-third of her personal property in fee, where she leaves descendants; and to one-half of the real property for life, and to one-half of the personal

property in fee, in case she leaves no descendants; but the rights of the husband shall be limited to such proportionate share of the estate, after the payment of her debts."

The only question presented for our determination is whether a will executed by an unmarried woman is revoked by her subsequent marriage. By § 8 of c. 157 of the Revised Statutes of Arkansas, now § 10503 of Crawford & Moses' Digest, it is provided: "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage." It was, and is, a contention of the appellees that this section was impliedly repealed by § 7, article 9, of the Constitution of 1874, which section reads as follows: "The real and personal property of any femme covert in this State, acquired either before or after marriage, whether by gift, grant, inheritance, devise, or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed, or conveyed by her the same as if she were femme sole, and the same shall not be subject to the debts of her husband."

We cannot agree with the appellees in this contention, but think the statute, by reason of § 1 of the schedule of the Constitution of 1874, is still in force, and not in conflict or inconsistent with § 7, article 9, *supra*. Section 1 of the schedule is as follows: "All laws now in force, which are not in conflict or inconsistent with this Constitution, shall continue in force until amended or repealed by the General Assembly * * *." By reason of this, many of the provisions of our present statutes on wills, which were parts of the Revised Statutes, are still the law, as well as § 10503, C. & M. Digest. That section does not prevent a married woman from reexecuting a will, which she might have made before the marriage, and the Legislature, in failing to repeal it, has recognized the fact that her changed social status might have made a will, perfectly proper when executed, inequitable and unjust by reason of the new ties established by the marriage. The testator in this case must be presumed to have known of

the existence of a law by which her marriage worked the revocation of her will, and it must be further presumed that the fact that she did not re-execute it evidenced the intention on her part to assent to the revocation of the will by the force of the staute. As we have seen, the statute in question is not in conflict or inconsistent with a married woman's right to convey her property by devise or bequest. We conclude that, by virtue of § 10503, *supra,* Mrs. Ward died intestate, and therefore the appellant would be, and is, entitled to the benefits conferred by act No. 149, *supra.*

The judgment of the circuit court is therefore reversed, and the cause is remanded for further proceedings, in accordance with the declarations of law herein expressed.