WARD *v.* PIPKIN.

Opinion delivered May 5, 1930.

*S. S. Hargraves,* for appellant.

*Mann & Harrelson,* for appellee.

McHANEY, J. This is an appeal from a decree of partition, ordering a sale of certain real property in Forrest City, the property not being susceptible of division in kind. Appellee and his stepmother, Fannie Pipkin Ward, were the owners thereof as tenants in common, each owning a half interest. Mrs. Ward and her husband, appellant, resided on the property, and appellant made certain improvements and paid certain taxes thereon during the lifetime of his wife and at her request. After her death, appellant continued to reside on the property, and this suit was brought to partition the property, all parties having any interest therein being made parties. Appellant filed a cross-complaint, claiming that the amount spent for improvements and taxes should be a charge against the property. The court dismissed the cross-complaint, decreed a sale of the property, and that the proceeds of the sale should be distributed, first, to the payment of costs; second, one half the remainder to appellee; and, third, the other half to be deposited in the registry of the court, "pending the appeal of H. W. Ward from the finding of the circuit court, and then paid to the parties entitled thereto, holding under Mrs. Fannie Ward, deceased." The case referred to in the above order is *Ward* v. *Pipkin,* 180 Ark. 855, 22 S. W. (2d) 1011. Appellant attempted to stop the sale by filing a supersedeas bond with the clerk, but the clerk refused to accept the bond and stop the sale. The property sold for $1,400.

Appellant first says his improvements and taxes paid should be a first charge against the whole property.

We do not think so. These improvements were made and taxes paid without authority from appellee, and at a time when appellant and his wife were enjoying the use of the property rent free, although she owned only a half interest. In *Lemly* v. *Works,* 138 Ark. 426, 211 S. W. 362, this court quoted with approval from a note to the case of *Ward* v. *Ward,* (W. Va.) 52 Am. St. Rep. 935, the following: "That, for improvements made or services rendered by a co-tenant, he cannot maintain any action which will result in a personal judgment against any of his fellow tenants unless he can prove an express promise to pay or such a state of circumstances that a promise should be implied, and it will not be implied either from the making of improvements or from their utility or necessity." There was no express promise to pay by appellee, and none can be implied. Neither does the fact that the expenditures were incurred at Mrs. Ward's request alter the situation in so far as appellee is concerned. As to what effect it may have on his right to reimbursement from Mrs. Ward's estate, we do not decide, as that question is not before us. It is sufficient to say that appellee's one-half interest was not burdened thereby, even though the value of the property may have been enhanced by reason thereof. Neither can there be a recovery for the taxes paid at the request of his wife. He paid certain paving taxes and the general taxes for two years. They occupied the premises for about five years. It is not shown what the rental value is, but in *Patterson* v. *Miller,* 154 Ark. 124, 241 S. W. 875, it was held that a tenant in common in possession, who has received rents enough to keep the taxes paid, is required to pay the taxes for the benefit of himself and co-tenants. In the absence of a showing to the contrary, it will be presumed that the rental value was sufficient to pay the taxes.

It is finally urged that the case should be reversed, because appellant attempted to supersede the judgment and stop the sale pending an appeal. We do not think

so. Appellant conceded that appellee owned a half interest in the property. There was no dispute that it could not be divided in kind. Therefore appellee had an absolute right to a decree partitioning the property and ordering it sold. And, as we have already shown, appellant's claims cannot be a lien or charge on appellee's interest. So he was in no position to complain of a sale being had. The decree fully protected his interest, if any, in the proceeds, and his rights have not been prejudiced in any way. No claim is made that the property sold for an inadequate price.

The decree is accordingly affirmed.