KILPATRICK *v.* KILPATRICK.

4-6764                                    162 S. W. 2d 897

Opinion delivered June 8, 1942.

*Ross Mathis,* for appellant.

*John D. Eldridge, Jr.,* for appellee.

McHANEY, J. The parties to this litigation are Negroes, appellant being the widow of Bishop Kilpatrick who was the brother of appellee. The action was brought September 3, 1940, by appellee against appellant and he alleged that, on June 10, 1929, he acquired a certificate of purchase for the delinquent taxes for the year 1928 on the SE SW 26-6 N, 2 W, in Woodruff county, and had regularly paid the taxes thereon from 1929 to date; that he procured a clerk's tax deed to said land which was filed for record July 20, 1940; that he put his brother, Bishop, who died in 1940, in charge of said land, and that Bishop left surviving him his widow only; that he has been in possession of said land for more than eleven years; that appellant claims some interest in the property, the nature of which he is unaware; that Bishop farmed same as his tenant; that he is entitled to an accounting of the rents and profits for 1940 and to an injunction to prevent appellant from disposing of the crops for said year; that appellant has no valid claim to the property; and that she is insolvent. He prayed that she be so enjoined, for an accounting on the 1940 crops, that his title be quieted and confirmed and that he have a writ of possession. The answer was a general denial and averments regarding the title to said land, which will be hereafter referred to.

Trial resulted in a finding and decree for appellee. The court found that, on June 10, 1929, L. L. Cole, a white merchant, with whom Bishop Kilpatrick did business, purchased for appellee the land involved for the delinquent taxes of 1928 and received a certificate of purchase; that in 1940, appellee procured a clerk's tax deed to the land, which is of record; that appellee, from 1929 to May, 1940, has been in adverse possession of said land through his brother, Bishop, as his tenant; that Bishop died in May, 1940, and appellant refused to turn over

possession of the property to appellee; that appellee is the owner and entitled to the possession and that the receiver, theretofore appointed, should turn over to appellee the rents collected by him. This appeal followed.

There is a suggestion that the court was without jurisdiction as this is a suit in ejectment. The point was not raised below and is not seriously raised now, and it was not wholly a possessory action. Other equitable relief was prayed and granted, including an accounting.

The facts are that the land in controversy had belonged to Ike Smith, a brother-in-law of appellee and Bishop, who acquired same by donation from the State about 1900. At that time he, Ike, was married to Celia Kilpatrick Smith, sister of appellee, and they lived together as husband and wife until about 1910, when he deserted her and went away with another woman, but there was no divorce and Ike died about 1913 or 1914. Celia remained in possession of said land from 1910 to 1924, when she died. Both Bishop and appellee lived with her at times and Bishop and appellant were living with Celia at the time of her death. Bishop paid the taxes from 1924 to 1928, but refused to pay the 1928 taxes due in 1929, and he never claimed to own the land. Both he and appellee erroneously thought Celia owned the land. The undisputed testimony is that Celia wanted appellee to have it and Bishop so told Mr. Cole who bought the land at the tax sale in the name of appellee, and Bishop paid Mr. Cole the purchase price by selling a cow belonging to appellee. Thereafter Bishop paid the taxes each and every year in the name of appellee, Bishop being left in possession as appellee's tenant, the rent being the taxes and upkeep of the property. In 1940, appellee got his deed. Thus, appellee was in possession for eleven years through his tenant, under his tax purchase. The collector's certificate of purchase was evidence of title. In *Worthen* v. *Fletcher*, 71 Ark. 386, 42 S. W. 900, it was said: "This court held (in the original oral opinion in same case) and still holds that the certificate of purchase at tax sale is a sufficient evidence of title as that upon which the administrator and heirs of Edwards could base

their defense, and adduce their evidence of adverse possession, since the statute makes the tax sale, and not the tax deed, the investiture of title in the purchaser, in so far as concerns controversies like this." And in *Crill* v. *Hudson*, 71 Ark. 390, 74 S. W. 299, it was held "that actual possession of part of a tract purchased at tax sale held under the certificate of purchase was sufficient to sustain a suit for trespass committed on a part of the tract not in actual occupancy." The quoted language is that of Judge McColloch in *Haggart* v. *Ranney*, 73 Ark. 344, 84 S. W. 703, where the holding in *Worthen* v. *Fletcher* was also distinguished and not overruled. In *Townsend* v. *Penrose*, 84 Ark. 316, 105 S. W. 588, it was held that a tax sale certificate of purchase was not color of title within the meaning of § 5057 of Kirby's Digest, now § 8920 of Pope's Digest. We, therefore, hold that the tax sale certificate of purchase in this case, accompanied by actual possession of all or a part of the land in controversy, is sufficient evidence of title upon which appellee could base a claim of adverse possession under the seven year statute of limitation, § 8918 of Pope's Digest, and the payment of all the taxes thereafter in appellee's name is a strong corroborative circumstance of his possession and ownership.

We do not think the fact that Mr. Cole advised Bishop that the best way to get the title out of Ike Smith was to let the land forfeit and buy it in in the name of appellee was a fraud upon appellant. Neither she nor her husband Bishop ever had any title to the land. Appellant could not claim any dower interest in the land, for the reason her husband had no title, was never "seized of an estate of inheritance" in said land. Section 4396, Pope's Digest. Being a stranger to the title and in possession with her husband as tenant of appellee, she is in no position to question the title of appellee. We think the evidence conclusive that Bishop was in possession as a tenant of appellee, else why did he pay the taxes in appellee's name from 1929 to his death. At least we cannot say the finding of the court is against the preponderance of the evidence.

456

Whether Ike Smith's heirs, if he had any, are barred, is not here determined. As between appellant and appellee, we agree with the trial court that appellee is the owner, entitled to the rents and profits and to a writ of possession, if he so elects.

Affirmed.