HOWZE *v.* HUTCHENS.

4-8480                                              209 S. W. 2d 286

Opinion delivered March 15, 1948.

*Charles D. Atkinson* and *Charles W. Atkinson,* for appellant.

*Leonard F. Greenhaw, Karl Greenhaw* and *Lee Seamster,* for appellee.

MINOR W. MILLWEE, Justice. W. P. Hutchens died testate in Washington county, Arkansas, in 1932 survived by his widow, P. E. Hutchens, and four children. Under the terms of his will, which was duly probated on July 7, 1932, W. P. Hutchens devised and bequeathed to his wife, P. E. Hutchens, his 104½ acre farm and the use of all personal property during her lifetime. The will further provided that upon the death of the life tenant, P. E. Hutchens, the remainder of the estate should be shared equally by the four children, but only after Edith Hutchens, the youngest child, was first given the sum of $3,000 out of such remainder.

Edith Hutchens was living on the 104½ acre farm with her parents at the time of her father's death. After the death of W. P. Hutchens, Edith Hutchens married appellant, Henry Howze, and they resided in Texas until her death, without descendants, on May 15, 1942. Mrs. P. E. Hutchens, the life tenant, who is now 80 years of age, has resided on the lands since the death of her husband. She has used up all the personal property left by the will and there only remains the 104½ acre farm.

Mrs. P. E. Hutchens and the three surviving children joined as party plaintiffs in this suit to partition and sell the lands. Appellant, Henry Howze, was made a party defendant. After setting out the facts above recited, the complaint of appellees alleged: "That all the interest of Edith Hutchens Howze in said real estate was an interest in remainder in said premises, and that she died before the death of the life tenant and was never at any time seized of an estate of inheritance in or to said lands; that the defendant, Henry Howze, her surviving husband, has no interest in said real estate by curtesy or in any other manner; that upon the death of the plaintiff, P. E. Hutchens, the owner of the life estate, the title to said real estate will vest and be owned by the other plaintiffs who are now the sole owners of the remainder therein."

In his answer, appellant admitted the facts as above stated, but denied that appellees were sole owners of the lands and alleged that under the terms of the will of W. P. Hutchens, deceased, he became the owner of an undivided one-third of the $3,000 bequest to his deceased wife and an undivided one-third interest for life in the remainder of said estate. Appellant also prayed that the lands be partitioned and sold, and that his share of the proceeds be paid to him.

The trial court found that appellant had no interest in the 104½ acre tract of land by curtesy, or otherwise, inasmuch as his deceased wife, Edith Hutchens Howze, was never seized of an estate of inheritance therein during her lifetime. A decree was entered quieting and confirming title to the lands in appellees and ordering sale of the property for the purpose of partition among appellees according to their respective interests.

The estate or interest of a husband in the property of his deceased wife, who dies intestate, is governed by Act 313 of 1939, which was in effect at the time of the death of Edith Hutchens Howze. Sections 1, 2, and 5 of said Act read as follows:

"Section 1. Section 4422 of Pope's Digest of the Statutes of Arkansas is amended to read as follows: 'Upon the death of a married woman, her husband shall be entitled to the following portion of her estate, undisposed of by her will: one-third of her [real] property for life and one-third of her personal property absolutely where she leaves descendants; one-half of her real property in fee and one-half of her personal property absolutely where she leaves no descendants; except that where she leaves no descendants, as to the lands in which her estate is ancestral the husband shall be entitled to one-third of her real property for life and also except where she leaves no descendants as against creditors, the husband shall be entitled to one-third of her real property for life and one-third of her personal property absolutely.

"Section 2. The rights of the surviving husband in his wife's estate shall be known as curtesy and shall be

assigned to him after death of the wife and at the time and in the manner provided by law of the assignment of dower to a widow. . . .

"Section 5. Legislative Intent. The purpose of this measure is to give a surviving husband the same interest in the deceased wife's estate as a widow now has in the estate of her husband, so far as § 7 of Art. 9 of the Constitution permits."

We have omitted copying §§ 3 and 4 for the reason that they deal with the effect on dower of murder of a spouse and the extension of dower to the surviving spouse of an alien. These sections in effect reënact §§ 4397-4399, Pope's Digest, to make them applicable to the husband as well as to the wife.

For reversal of the decree it is earnestly insisted that the trial court erred in construing Act 313, *supra,* as requiring seisin, or the right to possession of the remainder interest, in Edith Hutchens Howze as a prerequisite to appellant's right to take under the statute. It is argued that, since § 1 of the 1939 Act does not mention seisin or the words, "of which she died seized," it must be concluded that the Legislature intended to eliminate this requirement, which is an essential element of the right of curtesy at common law. If § 1 stood alone, we would agree with appellant's interpretation of the Act. The rule is well established that in construing a statute the legislative intent should be ascertained by construing every part of the Act and giving effect thereto if possible. *Nixon* v. *Allen,* 150 Ark. 244, 234 S. W. 45; *Ledbetter* v. *Hall,* 191 Ark. 791, 87 S. W. 2d 996.

In *Graves* v. *McConnell,* 162 Ark. 167, 257 S. W. 1041, the court said: "In construing a statute it is the duty of the court to construe it as a whole and give some meaning to every word, if possible, and, in order to effectuate the intent of the Legislature, the court may eliminate or correct errors in a statute, or reject certain words and substitute others, when, by so doing, it only reconciles apparent inconsistencies of language, and, on the whole, accomplishes the purpose which the Legislature had in mind in the enactment of the law. *Garland Power & Development*

*Co.* v. *State Board,* 94 Ark. 422, 127 S. W. 454; *Rayder* v. *Warrick,* 133 Ark. 491, 202 S. W. 831; *Kindricks* v. *Machin,* 135 Ark. 459, 205 S. W. 815; *Summers* v. *Road Imp. Dist.,* 160 Ark. 371, 254 S. W. 696.''

In *Graves* v. *Burns,* 194 Ark. 177, 106 S. W. 2d 602, this court held that absence of the words ''or their descendants'' was an unintentional omission from a statute on descent and distribution and the words were supplied in order to carry out legislative intent.

It is observed that § 1 of Act 313, *supra,* amends § 4422 of Pope's Digest, which is Act 149 of 1925. The 1925 Act abolished curtesy in this state. *Ward* v. *Pipkin, et al.,* 180 Ark. 855, 22 S. W. 2d 1011. While curtesy was abolished by this Act, it was expressly recreated in the 1939 Act if effect is to be given to § 2, which specifically provides that the right of a husband to property of his deceased wife ''shall be known as curtesy,'' thus bringing the common law term back into use. The right of the husband, therefore, is a curtesy right although the portion and amount he may take differs from the common law right just as dower, formerly operative as a common law doctrine, still remains dower under our statutes. Section 5 of the Act then states that its purpose ''is to give a surviving husband the same interest in the deceased wife's estate as a widow now has in the estate of her husband, so far as § 7 of Art. 9 of the Constitution permits.'' If we accept the contention of appellant, this definite expression of legislative intent would be defeated because he would be given a greater right in his deceased wife's property than a widow is given as dower to property of a deceased husband under § 4421 of Pope's Digest.

This court has repeatedly held that actual seisin, or the right to possession, on the part of the husband at the time of his death is essential to dower. In *McGuire* v. *Cook,* 98 Ark. 118, 135 S. W. 840, the court said: ''Where there is a life tenant, and the husband has only a remainder or reversion in the land, the seisin is in the life tenant; and therefore dower does not attach to realty in which the husband has only an interest in remainder or reversion, unless the particular estate terminates during the coverture. . . .

"The same character of seisin that was required by the common law in the husband is required by our statute in order to entitle the widow to dower. In *Tate* v. *Jay,* 31 Ark. 576, this court said: 'Seisin is either in deed or in law; seisin in deed is actual possession; seisin in law, the right to immediate possession. Unless such seisin existed during coverture, there can be no dower because it is an indispensable requisite to her right to dower, so declared by statute'." See, also, *Field, et al.,* v. *Tyner, et al.,* 163 Ark. 373, 261 S. W. 35; *Kirkpatrick* v. *Kirkpatrick,* 204 Ark. 452, 162 S. W. 2d 897; *Prall* v. *Prall,* 204 Ark. 1074, 166 S. W. 2d 1028.

Prior to our statutes on the question it was also held to be necessary that the wife be seized during coverture of an estate of inheritance in land to entitle a husband to an estate by the curtesy. *Bogy* v. *Roberts,* 48 Ark. 17, 2 S. W. 186, 3 Am. St. Rep. 311; *Owens* v. *Jabine,* 88 Ark. 468, 115 S. W. 383.

We are cited to authorities which hold that a vested remainder, even at common law, is an interest which may be conveyed by deed and descends to the heirs of the remainderman who dies before the termination of the particular estate. The husband, however, does not take as an heir of his deceased wife, but takes only by virtue of the statute which designates the right to take as "curtesy." *Robertson* v. *Adams,* 163 Ark. 290, 260 S. W. 37.

In 15 Am. Jur., Curtesy, § 21, p. 282, it is said: "As a general rule, a husband has no right of curtesy in lands in which his wife had an estate in remainder after a life tenancy if she dies before the expiration of the life tenancy and never has a right to possession. This rule, as in the case where lands are inherited by a wife subject to the dower rights of another and the wife dies before the dowress, is based upon the fact that she had neither seisin nor the right to seisin. The general rule, however, does not apply in at least one jurisdiction because of statutory provisions." By reference to the textwriter's note it is ascertained that the jurisdiction in which the general rule is held not to be applicable because of statutory provisions is the State of Maryland where the court in *Snyder*

v. *Jones,* 99 Md. 693, 59 A. 118, held that a state statute completely destroyed the common law tenancy by the curtesy. Appellant relies strongly on this case to support his contention that passage of Act 313 of 1939 produced the same result in this state. We have carefully considered this case and the statute which it construes. The Maryland statute is unlike our own and it contains no provisions comparable to §§ 2 and 5 of Act 313, *supra.*

It must be conceded that Act 313 of 1939 was not as carefully drawn as it should have been. The word "real" was unintentionally omitted in the fifth line of § 1. In view of §§ 2 and 5 we are unable to say that the Legislature deliberately and intentionally omitted words of seisin in § 1. To so hold, would defeat the very purpose and intent of the Act as expressed in § 5. We think it was clearly the intention of the lawmakers to give to the surviving husband the same rights in the estate of his deceased wife as a widow has in the estate of her deceased husband insofar as this is permissible under the Constitution.

Since appellant's wife died before the life tenant and never had the right to possession of the remainder interest in the lands involved, appellant has no right of curtesy in said lands under Act 313 of 1939. The trial court correctly so held, and the decree is, therefore, affirmed.