*Gentry* vs. *Woodson.*

### GENTRY vs. WOODSON.

On a petition for dower, although the widow will not be held to strict proof of title in the husband, to make out a *prima facie* right, yet upon a plea of *non seisin*, she must either shew title in the husband, actual possession, or that defendant holds under the husband.

### APPEAL from Boone Circuit Court.

Todd *for Appellant.*

Gorden & Leonard *for Appellee.*

1st. The proof given, consisting exclusively of the deed of November, 1818, and the partition deed of September, 1821, did not maintain the issue on the part of the plaintiff, and therefore the instruction asked was properly given.

2d. The chain of title offered in evidence by the plaintiff, consisting of the five deeds, was properly excluded on the ground that two of the deeds, embraced in the chain, had been executed under powers of attorney, which were neither produced nor offered in evidence.

3d. The rejected evidence was offered too late. After the proof was closed on both sides, it was in the discretion of the Court to allow or refuse to allow the case to be opened, and fresh evidence given, and it does not appear that the Circuit Court improperly exercised this discretion, and unless it does so appear from the record this Court will not reverse the judgment. Frederick and others vs. Gray, 10 Searg. & Rawl. 182; Jackson vs. Talmadge, 4 Cowen R. 450; George vs. Bradford, 14 Eng. Com. Law Rep. 391.

NAPTON, J., *delivered the opinion of the Court.*

This was a petition for dower in lot number seven, in the town of Columbia. The defendant, among other pleas, pleaded *non seisin* in the husband. On the trial of this issue, the plaintiff gave in evidence a deed, dated 14th Nov., 1818, from Anderson Woods and others to Thomas Duley and others, conveying the tract of land upon which the lot in controversy is situated, in trust, to lay out a town thereon, and dispose of the lots for the benefit of the proprietors, of whom Richard Gentry was one. The plaintiff also gave in evidence a deed of partition among the proprietors of said tract, dated Sept. 3, 1821, of the undisposed lots in the town of Columbia, and by this deed lot number seven was assigned to Richard Gentry as a portion of his share. The plaintiff also proved her marriage with the said Richard Gentry previous to 1821, and his death in 1837, and here closed her case. Thereupon, the defendant having no evidence to offer, prayed the Court to instruct the jury, that upon the evidence submitted the issue of *non seisin* could not be found for the plaintiff. Whilst this motion was under advisement, the Court seeming inclined to overrule it, as the bill of exceptions states, the plaintiff proceeded to offer in evidence copies of five deeds, constituting a chain of title from Richard Gentry to the defendant, with proof of the defendant's possession of the lot at the commencement of this suit. Two of these deeds were executed by powers of attorney, but the instruments by which these powers were created were not produced. This evidence was rejected by the Court, and upon the Court's expressing an opinion that the plaintiff could not recover upon the evidence submitted, she took a non-suit, and afterwards moved to set it aside. This motion being overruled, the case was brought here by appeal.

The books do not define with much precision the amount or character of the testimony which will suffice to make out a *prima facie* case for the plaintiff, in an action of dower, under the issue of *non seisin*. There is no doubt but that an actual corporeal *seisin*, or a *right* to make such *seisin* in the husband during the coverture, is essential to entitle the widow to dower. It also seems very reasonable, and has accordingly been so adjudged, that the widow shall not be held to strict proof of her husband's title. She is not, by law, the keeper of her husband's title papers, and has, therefore, never been compelled to offer more than the slightest or lowest order of evidence. Possession under a claim of title has usually been the character of the proof in such cases, and such proof has been held sufficient. Bancroft and wife vs. White, 1 Caine's R. 185;

Hitchcock and wife vs. Carpenter, 9 J. R. 341; Embree vs. Ellis, 2 J. R. 122; Dolf vs. Bassett, 15 John. R. 21. So also proof that defendant is in possession under the husband, directly or indirectly, has been held sufficient evidence of the husband's *seisin.* Plantt vs. Payne, 3 Bayly S. C. Rep. 319; Collins vs. Toney, 7 J. R. 182.

The proof offered in the present case, if we exclude that which the Circuit Court excluded, and which was offered after the plaintiff had closed her case, does not seem to come up to the requisitions recognized in any of the recited cases. There was no attempt to prove any possession, nor was any title shown which could give a legal *seisin.* A deed from persons professing to be proprietors of a large tract of land to trustees, for the purpose of laying out a town, and a subsequent deed of partition among these proprietors, could not establish a *seisin* in the husband, unless the title of these grantors was shown, or a possession of some sort established, which would have been presumptive evidence of title.

In relation to the evidence introduced subsequently to the close of the case, and after instructions had been moved for by the opposite party, it is unnecessary to add any thing to the general principles heretofore established by this Court, relative to the introduction of testimony out of order. The application of these principles to the present case becomes entirely immaterial, inasmuch as the title papers thus excluded were defective, and could have availed nothing had they been presented in time. The other Judges concurring, the judgment of non-suit is affirmed.