MALONEY *v.* McCULLOUGH.

4-8926                                                221 S. W. 2d 770

Opinion delivered June 27, 1949.

*Culbert L. Pearce,* for appellant.

*Gordon Armitage,* for appellee.

Minor W. Millwee, Justice. M. L. McCullough died intestate in White county February 10, 1940, survived by his widow, Carrie McCullough, and four children, all of age. At the time of his death, M. L. McCullough owned and occupied as his homestead the 75 acre tract of land involved in this suit. Carrie McCullough continued to occupy and use the lands as a homestead until her death on March 5, 1948. None of the children occupied the lands after the death of their father and prior to the death of their mother.

Pearl R. McCullough, one of the surviving children of M. L. McCullough, deceased, died intestate and without issue April 11, 1945, survived by his widow, Verla Bee Maloney, who has since remarried and is the appellant here. Appellees are the other three surviving children and heirs of M. L. McCullough, deceased, and brought this suit against appellant to quiet their title to the lands in controversy alleging the facts heretofore stated and that appellant was claiming some interest in the land. It was further alleged that Carrie McCullough had a "life and home stead estate" in said lands and that the remainder interest of Pearl R. McCullough was contingent upon his surviving his mother and was destroyed upon his death without bodily heirs prior to the death of the life tenant.

Appellant's answer and cross complaint admitted the truth of the allegations of the complaint except the assertion that Pearl R. McCullough was a contingent remainderman. Appellant also alleged in her answer that she was entitled to "one-half of whatever interest her late husband, Pearl R. McCullough, has or holds in the estate of his deceased father".

Appellees' demurrer to the answer and cross-complaint was sustained and upon appellant's failure to plead further same was dismissed and a decree rendered in favor of appellees.

Appellant insists that she is entitled to dower in the lands in controversy as the widow of Pearl R. McCullough, deceased, under Ark. Stats. (1947), § 61-206 which reads: "If a husband die, leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized, where said estate is a new acquisition and not an ancestral estate; and one-half of the personal estate, absolutely and in her own right, as against collateral heirs; but, as against creditors, she shall be endowed with one-third of the real estate in fee simple if a new acquisition and not ancestral, and of one-third of the personal property absolutely, Provided, if the real estate of the husband be an ancestral estate she shall be endowed in a life estate of one-half of said estate as against collateral heirs, and one-third as against creditors." This statute appeared in Kirby's Digest as § 2709; and Ark. Stats. (1947), § 61-201, appeared as § 2687 of Kirby's Digest. These statutes were construed by this court in McGuire v. Cook, 98 Ark. 118, 135 S. W. 840, Ann. Cas. 1912D, 776, where it was held that an intermediate life estate in another will defeat the widow's right to dower unless it terminates in the lifetime of the husband. Justice Frauenthal, speaking for the court, there said: "By this enactment we do not think the Legislature intended to create in the widow an estate in her deceased husband's lands different in any essential from the estate of dower known at the common law, except as therein expressly provided. At common law it was esssential that the husband should have been seized in possession during coverture in order to entitle his widow to dower in his land. The seisin of her husband was an indispensable prerequisite to entitle the widow to such dower, and an outstanding freehold estate in another before marriage destroyed her claim. Mr. Washburn says: 'The husband must have been seized of the premises at some time during coverture' (1 Washburn on Real Property, (6 Ed.),

§ 390); and further he says that if the husband has only a reversion or remainder after a freehold estate in another, though it be a fee, it will not give to his wife a right of dower therein unless by the death of the intermediate freeholder or the surrender of his estate to the husband. 1 Washburn on Real Property, § 183. In order to constitute seisin, it was necessary that there should be an actual corporeal seisin or the right to make such immediate seisin in the husband during coverture to entitle the widow to dower. Gentry v. Woodson, 10 Mo. 224. Where there is a life tenant, and the husband has only a remainder or reversion in the land, the seisin is in the life tenant; and therefore dower does not attach to realty in which the husband has only an interest in remainder or reversion, unless the particular estate terminates during the coverture . . .

"The same character of seisin that was required by the common law in the husband is required by our statute in order to entitle the widow to dower. In Tate v. Jay, 31 Ark. 576, this court said: 'Seisin is either in deed or in law; seisin in deed is actual possession; seisin in law, the right to immediate possession. Unless such seisin existed during coverture, there can be no dower because it is an indispensable requisite to her right to dower, so declared by statute.' "

The court further said: "We think that under these express provisions it was manifestly intended that the requisites necessary to constitute dower at common law were also necessary to constitute the estate created by this statute. In the case of Tate v. Jay, 31 Ark. 576, it was said that seisin was an indispensable requisite to entitle the widow to dower under the provisions of § 2687 of Kirby's Digest because it was so declared by that statute. Likewise, we think that seisin of the husband is a necessary requisite under § 2709 of Kirby's Digest to entitle the widow to the dower therein provided, because it is so declared by that statute, which says that she shall be endowed of a certain portion of the real estate 'of which the husband shall die seized.' Watson v. Watson, 150 Mass. 84, 22 N. E. 438; Carter v. McDaniel, 94 Ky. 564, 23 S. W. 507."

This interpretation of the statute has been reaffirmed in later cases. Murphy v. Booker, 139 Ark. 469, 214 S. W. 63; Sadler v. Campbell, 150 Ark. 594, 236 S. W. 588; Field v. Tyner, 163 Ark. 373, 261 S. W. 35; Roetzel v. Beal, 196 Ark. 5, 116 S. W. 2d 591. It is in accord with the rule followed generally as stated in the annotation to Geldhauser v. Schulz, 93 N. J. E. 449, 116 Atl. 791, 21 A. L. R. 1073, as follows:: "To entitle a widow to dower at common law, or under a statute declaratory of the common law, the husband must have been seised, either in fact or in law, of an estate of inheritance in the land at some time during coverture. When, therefore, the husband had previous to his death simply a vested remainder expectant on a life estate, his widow cannot be endowed, for, as in such a case the husband never had either possession or any present right of possession, he cannot be said to have had a seisin of any sort, either actual or legal."

Appellant argues that homestead and dower are not regarded as estates and that Pearl R. McCullough took a vested remainder in the lands upon the death of his father and that said vested interest descended to his heirs upon his death. In Jones' Ark. Titles, § 867, the author says: "The term 'homestead' has three meanings: (1) The homestead premises, or the land and dwelling occupied as a home; (2) the homestead exemption, or right to reserve the home from the claims of creditors; (3) the homestead estate, or the interest of the widow and minor children in their deceased husband's and father's homestead, or the interest of the minor children in their deceased mother's homestead." We are here dealing with homestead within the meaning of the third concept stated by the author.

Some jurisdictions take the view that the homestead interest is not an estate at all, but merely an exemption or privilege, while others hold that the claimant is vested with an estate in land. 26 Am. Jur., Homestead, § 5; 40 C. J. S., Homestead, § 3. In Killeam v. Carter, 65 Ark. 68, 44 S. W. 1032, it was said of a homestead that a widow, strictly speaking, had no estate in the land itself but only the right of occupancy and that she "can only be consid-

ered a tenant for life upon condition that she do not abandon." However, in the earlier case of Jones v. Turner, 29 Ark. 280, the court said of a homestead: "The estate thus created is a peculiar one, made equally for the benefit of the wife and children; it may be likened to a joint tenancy, with right of survivorship." See, also, McCloy & Trotter v. Arnett, 47 Ark. 445, 2 S. W. 71; Rowland v. Wadley, 71 Ark. 273, 72 S. W. 994. In Colum v. Thornton, 122 Ark. 287, 183 S. W. 205, it was said: "Our Constitution gives the homestead to the widow for life without any restrictions . . . The Constitution vests in the widow an estate for life and in the children during their minority." See, also, Butler v. Butler, 176 Ark. 126, 2 S. W. 2d 63; O'Connell v. Sewell, 191 Ark. 707, 87 S. W. 2d 985.

It is true that the dower interest of a widow under § 61-206, supra, vests in her immediately upon the husband's death and upon her death will descend to her heirs. Barton v. Wilson, 116 Ark. 400, 172 S. W. 1032. But such dower interest only vests in the widow in real estate "of which the husband shall die seized".

The answer to the contention that the remainder interest vested in Pearl R. McCullough upon the death of his father and descended to the heirs of the remainder-man at his death, is that appellant, the widow, does not take as an heir of her deceased husband. She takes dower by virtue of the statute. Robertson v. Adams, 163 Ark. 290, 260 S. W. 37.

Homestead is a valuable right, interest or estate in land which vests in the widow "during her natural life" under Art. 9, § 6 of our Constitution unless and until abandoned or forfeited by the widow. In the case at bar the widow, Carrie McCullough, exercised her homestead right in the lands in controversy until her death which occurred after the death of her son, Pearl R. McCullough. Pearl R. McCullough never had either possession or any present right of possession and was, therefore, never seized of an estate of inheritance in the land during coverture. Appellant, his widow, was not, therefore, entitled to dower in the land.

It follows that the chancellor correctly sustained the demurrer to appellant's answer and cross-complaint and the decree is affirmed.