The Honorable Jim Holland State Representative Route 1 Knobel, Arkansas 72435-9801
Dear Representative Holland:
This is in response to your request for an opinion on the following question:
 What is your definition of "homestead" pertaining to the State of Arkansas relating to tax exemptions and tax collections?
It should be noted initially that this office cannot supply a controlling definition of a particular term where the legislature has elected not to provide one. I can, however, point out two definitions of the term "homestead" which appear in the Arkansas Code, and direct your attention to the Arkansas Supreme Court decisions interpreting the term.
I assume that your question has reference to the laws relating to the veterans' tax exemption (A.C.A. 26-3-306 (1987))[1] or the property tax credit for senior citizens granted at A.C.A.26-51-601 to -608 (1987). Each tie property tax exemptions or refunds to "homestead" property. The latter act contains a definition of the term "homestead" which is defined in pertinent part as "a dwelling owned by a claimant and used as his principal place of abode, including the parcel of land on which the dwelling is situated and all lands contiguous thereto. . . ." A.C.A. 26-51-602(5). For purposes of this particular law (the senior citizens property tax credit) this definition is controlling, and also requires that the claimant have resided on the property for at least a year. The term is defined at only one other place in the Arkansas Code. The other definition is found in the "Commissioner of State Lands Urban Homestead Act," codified at A.C.A. 20-80-401 to -411 (Cum. Supp. 1993). The term is therein defined as ". . . the home and accompanying or adjoining land of the primary residence of a person." A.C.A.20-80-403(2).
The veterans' tax exemption statute does not contain a definition of the term "homestead." An early definition of the term in Arkansas is found in Tumilson v. Swinney, 22 Ark. 400
(1860). It was stated therein that "[t]he homestead is the place of a home or house. That part of a man's landed property which is about and contiguous to his dwelling house. . . . The dwelling may be a splendid mansion, or a mere cabin or tent, open to the winds and rains of heaven. If there be either, it is under the protection of the law, but there must be a home residence. . . ." 22 Ark. at 403-404, citing in part, Franklin v. Coffee, 18 Texas 415[18 Tex. 415]. The most recent pronouncement of the Arkansas Supreme Court upon the meaning of the term is found in Maloney v. McCullough, 215 Ark. 570, 221 S.W.2d 770 (1949), wherein the court stated:
 The term `homestead' has three meanings: (1) The homestead premises, or the land and dwelling occupied as a home; (2) the homestead exemption, or right to reserve the home from the claims of creditors; (3) the homestead estate, or the interest of the widow and minor children in their deceased husband's and father's homestead, or the interest of the minor children in their deceased mother's homestead.
215 Ark. at 574, citing Jones' Ark. Titles, 867.
In my opinion the veterans' tax exemption statute uses the term "homestead" in the first sense of the word as set out above. The statute exempts the veteran from payment of taxes on "the homestead and personal property owned by the disabled veteran." A.C.A. 26-3-306(a)(1)(A). The term "homestead" as used in this statute has reference, in my opinion, to the veteran's dwelling and the land contiguous thereto which the veteran occupies as a home.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that this office has previously opined that this exemption is constitutionally suspect under Arkansas Constitution, art 16, 5 and 6. See Op. Att'y Gen. 91-265.