The Honorable Philip Jackson State Representative 4033 Highway 62 West Berryville, AR 72616-8949
The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representatives Jackson and Hathorn:
This is in response to your request for an opinion on the following question, which you indicate has been posed by the Carroll County Assessor's Office:
 How many times and to how much property can you take a homestead exemption?
RESPONSE
Arkansas law provides for several varieties of homestead exemption. Since you have not specified any particular variety of exemption as the focus of your question, I will briefly review the alternatives.
Section 26-3-306 (Repl. 1997) of the Arkansas Code exempts from taxation the homestead and personal property of certain disabled veterans, as well as their surviving unmarried spouses and minor children.[1] As my immediate predecessor noted in Ark. Op. Att'y Gen. No. 93-438:
 The veterans' tax exemption statute does not contain a definition of the term "homestead." An early definition of the term in Arkansas is found in Tumilson v. Swinney, 22 Ark. 400 (1860). It was stated therein that "[t]he homestead is the place of a home or house. That part of a man's landed property which is about and contiguous to his dwelling house. . . . The dwelling may be a splendid mansion, or a mere cabin or tent, open to the winds and rains of heaven. If there be either, it is under the protection of the law, but there must be a home residence. . . ." 22 Ark. at 403-404, citing in part, Franklin v. Coffee, 18 Texas 415 [18 Tex. 415]. The most recent pronouncement of the Arkansas Supreme Court upon the meaning of the term is found in Maloney v. McCullough, 215 Ark. 570, 221 S.W.2d 770 (1949), wherein the court stated:
 The term "homestead" has three meanings: (1) The homestead premises, or the land and dwelling occupied as a home; (2) the homestead exemption, or right to reserve the home from the claims of creditors; (3) the homestead estate, or the interest of the widow and minor children in their deceased husband's and father's homestead, or the interest of the minor children in their deceased mother's homestead.
 215 Ark. at 574, citing Jones' Ark. Titles, 867.
 In my opinion the veterans' tax exemption statute uses the term "homestead" in the first sense of the word as set out above. The statute exempts the veteran from payment of taxes on "the homestead and personal property owned by the disabled veteran." A.C.A. 26-3-306(a)(1)(A). The term "homestead" as used in this statute has reference, in my opinion, to the veteran's dwelling and the land contiguous thereto which the veteran occupies as a home.
I concur with my predecessor in this opinion. Furthermore, although the statute does not directly address the issue, I believe the legislature clearly intended that this exemption be available on an annual basis.[2]
Subsection 26-26-1118(a)(1) of the Arkansas Code, as enacted by Act No. 1544 of 2001, further provides that "[e]ffective with the assessment year 2000 and thereafter, the amount of real property taxes assessed on the homestead of each property owner shall be reduced by three hundred dollars ($300), provided that no assessment shall be reduced to less than zero ($0.00)." Subsection (b) of this statute defines the term "homestead" as follows:
 The term "homestead," as used in this section, means the dwelling of a person which is used as his or her principal place of residence and land contiguous thereto, excluding all land valued as agricultural land, pasture land, or timber land. The term "homestead" shall also include a dwelling owned by a revocable trust and used as the principal place of residence of a person who formed the trust.[3]
As reflected in the phrase "[e]ffective with the assessment year 2000 and thereafter," the legislature clearly intended this exemption to apply on an annual basis. I should note that pursuant to Act 1544 of 2001, codified at A.C.A. § 26-3-306(e), this exemption is unavailable to a disabled veteran claiming the exemption discussed previously in this opinion. This restriction is consistent with the general proposition that no individual may claim more than one homestead exemption. See Section 4 of Act 1544 of 2001, codified at A.C.A. § 26-26-1119(a)(1) ("No property owner shall claim more than one (1) homestead property tax credit").[4]
Finally, the recently adopted Ark. Const. amend. 79, § 1(d), provides that for taxation purposes, the assessed value of homesteads owned by the disabled and individuals over the age of 65 cannot be increased.[5]
Section 5 of Act No. 1544 of 2001, codified at A.C.A. § 26-26-1120(a), provides:
 As used in Ark. Const., Amendment 79, the term "disabled person" means a person who is disabled for purposes of Title XIX of the federal Social Security Act, as in effect on January 1, 2001, for any period during the calendar year, or a person who is a permanently and totally disabled veteran as defined by 38 CFR, Part IV, as in effect on January 1, 2001.[6]
Although the Code does not expressly define the term "homestead" as it applies to the disabled, Ark. Const. amend. 79, § 1(d) expressly states that the homestead of a disabled person or one over the age of 65 must be his or her "principal place of residence."
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] More specifically, coverage is restricted as follows:
 (a)(1)(A) A disabled veteran who has been awarded special monthly compensation by the Department of Veterans Affairs for the loss of, or the loss of use of, one (1) or more limbs, or total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability shall be exempt from payment of all state taxes on the homestead and personal property owned by the disabled veteran.
Act 361 of 2001, § (a)(1)(B)(iv), which took effect on August 13, 2001, provides that "[a] surviving spouse of a member of the armed forces who died while on active duty shall be eligible for reinstatement of the homestead and personal property tax exemption upon termination of a subsequent marriage and until the surviving spouse remarries."
[2] As my predecessor noted, this statute is constitutionally suspect under Ark. Const. art. XVI, §§ 5 and 6, since the constitution does not expressly authorize the exemption. See Ark. Op. Att'y Gen. No. 91-265;cf. Ark. Const. art. XVI, § 16, as amended by Ark. Const. amend. LIX
(authorizing the legislature to approve a homestead exemption for residents over the age of 65).
[3] This definition is broader than, and in my opinion supersedes, the definition contained in A.C.A. § 26-26-1117(b)(2) (Supp. 1999), which likewise affords a $300 homestead credit on property taxes but provides that "the total area of an urban homestead shall not exceed one-fourth (1/4) of one (1) acre and the total area of a rural homestead shall not exceed eighty acres." Cf. the definition of "homestead" in the Commissioner of Lands Urban Homestead Act as "the home and accompanying or adjoining land of the primary residence of a person." A.C.A. §20-80-403(2) (Supp. 1999).
[4] The remaining subsections of A.C.A. § 26-26-1119 detail the penalties for attempting to claim more than one homestead annually.
[5] Pursuant to Act No. 1492 of 1999, the adoption of Amendment 79 fulfilled a condition precedent to the repeal of A.C.A. §§ 26-51-601
through 608 (Supp. 1999), which provided a homestead exemption for individuals 62 years of age or older, the disabled and permanently and totally disabled veterans.
[6] The definition of "permanently and totally disabled veteran" as used in 38 CFR, Part IV, applies to a potentially different range of individuals than does the broader exemption set forth at A.C.A. §26-3-306. More specifically, the federal regulation provides in pertinent part:
 Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation; Provided, That permanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person.
(Italics in original.)