The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, Arkansas 72936-1876
Dear Representative Walters:
I am writing in response to your request, made on behalf of a member of the Scott County Equalization Board, for my opinion on the following questions:
1. Exactly what qualifies for the homestead exemption?
2. Can a person have more than one homestead exemption?
 3. If a person is selling a house on contract, can the seller take a homestead exemption on it, especially if the seller has a homestead exemption on his residence?
4. What about in a trust?
 5. If a disabled veteran no longer lives in the house but in a nursing home, but the spouse lives there, is there still an exemption?
6. What if the veteran is deceased and the spouse lives in the house?
 7. What if the veteran is deceased and the spouse is in a nursing home and someone else is living in the house?
RESPONSE
I should note initially that it is not entirely clear precisely what you mean by "homestead exemption." As reflected in the attached Ark. Op. Att'y Gen. No. 2001-213, various types of homestead exemption exist. For instance, Ark. Const. amend. 79 caps annual increases in the assessed value of homesteads at 5%; freezes the assessed value of a homestead occupied by a disabled person or a person over the age of 65; and provides for an annual credit against property taxes on a homestead in an amount of not less than $300.00. In addition, A.C.A. § 26-3-306 (Supp. 2005) affords disabled veterans, their spouses and their minor children a blanket exemption from ad valorem taxation of their homesteads. Finally, Ark. Const. art. 9, § 3 provides any owner of a homestead with a qualified immunity from creditors' claims made against the property.
With respect to your first question, see the attached Ark. Op. Att'y Gen No. 2001-213, which summarizes the various types of homestead exemptions. The answer to your second and third questions is "no." A.C.A. §§ 26-3-306(e) and 26-26-1119(a)(1). With respect to your fourth question, revocable trust property occupied by the grantor may qualify as a homestead for purposes of applying the Amendment 79 exemptions. A.C.A. § 26-26-1122(a)(1)(B). I do not believe other property held in trust would qualify for a homestead exemption. See Ark. Op. Att'y Gen. No.95-408 (discussing the concept of equitable ownership as it relates to homestead exemptions). Although the Arkansas Code would benefit from legislative clarification on this issue, I believe the answer to your fifth question is, in all likelihood, "yes." The answer to your sixth question is clearly "yes." A.C.A. § 26-3-306(a)(1)(B)(i) (Supp. 2005). I believe the answer to your seventh question is "no."
Question 1: Exactly what qualifies for the homestead exemption?
In the attached opinion, one of my predecessors reviewed these exemptions in detail. I agree with my predecessor in all respects and will not repeat his analysis here.
Question 2: Can a person have more than one homestead exemption?
No. With respect to the complete exemption from homestead taxation afforded disabled veterans and their surviving spouses and minor children, A.C.A. § 26-3-306(e) (Supp. 2005) provides: "A person claiming the property tax exemption authorized by this section shall not be entitled to claim the property tax credit authorized in § 26-26-1118." The referenced A.C.A. § 26-26-1118 (Supp. 2005) provides for the general, annual $300 homestead tax credit authorized by Ark. Const. amend. 79.[1] Subsection 26-26-1119(a)(1) of the Code (Supp. 2005) expressly provides: "No property owner shall claim more than one (1) homestead property tax credit for each year."[2]
Question 3: Can the seller of property take a homestead exemption on ahouse he is selling by contract even though he has a homestead exemptionon his residence?
No. See response to question 2.
Question 4: Can a homestead exemption be claimed on property in a trust?
Although legislative clarification on this issue appears warranted, I believe that under current law property held in trust can be subject only to the homestead exemptions authorized by Amendment 79, and only then if the property is owned by a revocable trust and is used as the grantor's principal residence.
Subsection 26-26-1122(a) of the Arkansas Code (Supp. 2005) provides in pertinent part:
 (a) As used in this subchapter and in the Arkansas Constitution, Amendment 79:
 (1)(A) "Homestead" means the dwelling of a person that is used as his or her principal place of residence with the contiguous land, excluding all land valued as agricultural land, pasture land, or timber land.
 (B) "Homestead" shall also include a dwelling owned by a revocable trust and used as the principal place of residence of a person who formed the trust[.]
(Emphases added.) Pursuant to the highlighted definition, the narrow category of trust property described will be subject to the homestead exemptions established in Amendment 79.
However, as my predecessor noted in the attached Opinion No. 2001-213, there is no statutory definition of "homestead" that applies to the different exemption set forth at A.C.A. § 26-3-306, which prohibits altogether taxing the homesteads of certain disabled veterans, their surviving unmarried spouses and their minor children. The term "homestead" as used in this statute is not necessarily coextensive in its meaning with the definition just quoted, since the quoted definition's applicability is expressly limited to subchapter 11 of title 26, chapter 26 of the Code. To determine the scope of the term as used in A.C.A. § 26-26-306, my predecessor in Ark. Op. Att'y Gen. No.1993-438 consequently quoted the following analysis of the term's common-law meaning:
 The veterans' tax exemption statute does not contain a definition of the term "homestead." An early definition of the term in Arkansas is found in Tumilson v. Swinney, 22 Ark. 400 (1860). It was stated therein that "[t]he homestead is the place of a home or house. That part of a man's landed property which is about and contiguous to his dwelling house. . . . The dwelling may be a splendid mansion, or a mere cabin or tent, open to the winds and rains of heaven. If there be either, it is under the protection of the law, but there must be a home residence. . . ." 22 Ark. at 403-404, citing in part, Franklin v. Coffee, 18 Texas 415 [18 Tex. 415]. The most recent pronouncement of the Arkansas Supreme Court upon the meaning of the term is found in Maloney v. McCullough, 215 Ark. 570, 221 S.W.2d 770 (1949), wherein the court stated:
 The term "homestead" has three meanings: (1) The homestead premises, or the land and dwelling occupied as a home; (2) the homestead exemption, or right to reserve the home from the claims of creditors; (3) the homestead estate, or the interest of the widow and minor children in their deceased husband's and father's homestead, or the interest of the minor children in their deceased mother's homestead.
215 Ark. at 574, citing Jones' Ark. Titles, 867.
In Ark. Op. Att'y Gen. No. 95-408, which predated the enactment of the statutory definition of "homestead" set forth at A.C.A. §26-26-1122(a)(1), one of my predecessors addressed the question of whether property held in trust might be eligible for a disabled-veterans homestead exemption. My predecessor noted that the courts had not addressed this issue and opined that the determinative factual question would be whether a trust beneficiary had an equitable ownership interest sufficient to entitle him to claim the exemption. For purposes of the Amendment 79 exemptions, the subsequently enacted A.C.A. §26-26-1122(a)(1) establishes that the grantor/beneficiary of a revocable trust would qualify for the exemption. No parallel legislation addresses the remaining homestead exemptions.
In my opinion, for purposes of determining property taxation, nothing in the common-law usages of the term "homestead" would support extending the disabled-veterans exemption to a home that is held in trust. I appreciate that the courts have remarked on various occasions that the homestead laws should be liberally construed in favor of applying the exemption.See, e.g., Smith v. Flash TV Sales Service, Inc., 17 Ark. App. 185,190, 706 S.W.2d 184 (1986) ("Homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they were intended. City National Bank v. Johnson, 192 Ark. 945, 96 S.W.2d 482
(1936)"). However, these declarations appear in cases involving the homestead exemption from process, suit and the levy of execution guaranteed by Ark. Const. art. 9., § 6, not to the homestead exemption from taxation discussed above. With respect to the latter category of homestead exemption, I believe the applicable principle is the general rule requiring strict construction against granting an exemption from taxation. See generally Dunhall Pharmaceuticals, Inc. v. State,295 Ark. 483, 749 S.W.2d 666 (1988). I am bolstered in this conclusion by the fact that A.C.A. § 26-26-1122(a) expressly recites only one narrow category of trust property as subject to the homestead exemption. As the court noted in Gazaway v. Greene County Equalization Board, 314 Ark. 569,575, 864 S.W.2d 233 (1993):
 The phrase expressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390, 663 S.W.2d 930
(1946)."
This principle would support concluding that the legislature did not intend to extend the disabled-veterans homestead exemption to property held in trust. However, legislative clarification appears warranted.
Question 5: Can the spouse of a disabled veteran claim the veteran's hometax exemption even though the veteran is in a nursing home?
Although the Arkansas Code does not directly address this scenario, I believe it is implicit in the Code that the spouse would be entitled to claim the statutory exemption under these circumstances. In my opinion, this conclusion draws support from the terms of A.C.A. §26-3-306(a)(1)(B)(i) (Supp. 2005), which provides:
 Upon the death of the disabled veteran, the surviving spouse and minor dependent children of the disabled veteran shall be exempt from payment of all state taxes on the homestead and personal property owned by the surviving spouse and minor dependent children of the deceased disabled veteran.
Although this statute directly extends the homestead exemption only to the surviving spouse and minor dependent children of a deceased veteran, as distinct from a veteran who is in custodial care outside the homestead, I believe its spirit dictates extending the exemption under the circumstances described in your question. It is a universally recognized principle of statutory construction that, in determining legislative intent, the reason and spirit of the act should take precedence over the letter of the act where adherence to the letter of the act would result in an absurdity or would defeat the plain purpose of the law. Williams v. City of Pine Bluff, 284 Ark. 551, 683 S.W.2d 923
(1985). In my opinion, it would be patently absurd to suggest that the spouse in your example would be subject to taxation on her husband's former homestead so long as her husband survived but no longer thereafter. Any such result would clearly contravene the legislative intent to reward and to honor disabled veterans and their families by affording them a tax exemption that survives even the disabled veteran's death.[3]
Question 6: What if the veteran is deceased and the spouse livesin the house?
As noted in my response to your previous question, A.C.A. §26-3-306(a)(1)(B)(i) expressly declares that the surviving spouse would be entitled to the exemption under these circumstances.
Question 7: What if the veteran is deceased, the spouse is in a nursinghome, and someone else is living in the house?
In my opinion, assuming the spouse were residing permanently in the nursing home with no intention of returning to the home, no homestead exemption would attach under the described circumstances. Compare Meadowsv. Hardcastle, 219 Ark. 406, 410, 242 S.W.2d 710 (1951) (holding that a surviving spouse may receive rents and profits on her deceased husband's homestead as provided in Article 9, § 3 "only so long as she intends it as a home"). The question of intent is one of fact that must be addressed on a case-by-case basis.
With respect to the disabled and individuals over the age of 65, Ark. Const. amend. 79, § 1(d)(2) provides: "Residing in a nursing home shall not disqualify a person from" the freeze in assessments described in subsection 1(d)(1). However, A.C.A. § 26-3-306 contains no parallel provision regarding the effect on the homestead exemption of a deceased veterans' spouse residing in a nursing home. Again, in dealing with a taxation statute, as distinct from the liberally construed constitutional provision extending immunity from creditors' claims seeking to levy against a homestead, one must strictly construe the statute against the granting of an exemption. See Dunhall, supra. Moreover, I believe the principle of expressio unius discussed above likewise militates against allowing a homestead exemption under the described circumstances. However, legislative clarification on this point appears warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] As previously noted, Amendment 79 § 1(d) further provides that for taxation purposes, the assessed valued of homesteads owned by the disabled and individuals over the age of 65 cannot be increased — a benefit that might also be described as an exemption.
[2] Given the source of your question, I assume your reference to "homestead exemption" is to the monetary credit against or exemption from property taxation afforded a resident of a homestead, as opposed to the qualified immunity from claims against a homestead afforded by Ark. Const. art. 9, § 3.
[3] Although the legislation affording disabled veterans and their spouses a tax exemption on their homesteads is presumed constitutional and the burden of proving otherwise would be on a challenger, see generallyBunch v. State, 344 Ark. 730, 43 S.W.3d 132 (2001), my predecessors have remarked on various occasions that the legislation is constitutionally suspect in that the statutorily exempted property does not fall within any of the categories of property recited as exempt in Ark. Const. art.16, § 5. See, e.g., Ark. Ops Att'y Gen. Nos. 2001-213; 2000-011; 95-408; 93-438; 93-348; 93-087; 92-084; and 91-265. In this regard, I must note that Article 16, § 6 provides: "All laws exempting property from taxation, other than as provided in this Constitution shall be void." Moreover, Ark. Const. art. 9, § 3 expressly excepts claims for taxes from the homestead exemption's grant of relief from process and suit accorded homesteaders.